## S. J. CRUMP v. T. H. LIGON.

Decided November 16, 1904.

**1.—Contract—Restraint of Trade—Antitrust Law.**

A contract between the selling and the purchasing partner on dissolving the firm, by which the former bound himself not to engage in the same business in the town where the partnership was conducted so long as the purchaser remained in that business, being not unlimited as to time and place and of a reasonable character, was not void at common law as being in restraint of trade, nor was it prohibited by the anti-trust statutes existing prior to the Act of 1903.

**2.—Antitrust Law—Act of 1903 Not Retroactive.**

The antitrust law of 1903 did not affect a contract by one selling out his business to his partner, not to engage in the same business in the same town, which was entered into and executed prior to the passage of the Act.

**3.—Damages—Harmless Error.**

Error in the charge of the court on the measure of damages for violation of a contract not to reengage in business was harmless where the damages awarded were merely nominal.

**4.—Evidence—Harmless Error.**

The admission of improper evidence on the subject of damages was not ground for reversal where the plaintiff was entitled, at all events, to nominal damages, and only nominal damages were recovered.

**5.—Evidence—Profits of Business.**

A witness familiar with the subject and facts may give his estimate of the profits lost by plaintiff through defendant's breach of his contract not to reengage in the business after having sold out.

**6.—Defense—Charges Submitting.**

A defense set up by pleading was sufficiently submitted to the jury where by the charge plaintiff's right to recovery was made dependent upon facts which precluded a finding in favor of such defense.

Appeal from the District Court of Falls. Tried below before Hon Sam R. Scott.

*Rice & Bartlett,* for appellant.—If an agreement in restraint of trade is unlimited both as to time and place, the contract is void; and if the restraint is unlimited as to place only, the contract is illegal and can not be enforced.

Although a contract or agreement at the time of its execution may not have been in contravention of the antitrust law of this state, yet if subsequent to the execution thereof, by reason of the passage of said antitrust-law, its performance becomes illegal, the parties theretofore bound are relieved from its performance. 9 Cycl. Law and Proc., 525.

It is the duty of a court, in charging a jury in a case of this nature, to pertinently and directly give in charge to the jury the measure of damages by which said jury should be governed, and a simple statement to find such damages as he has sustained as a direct consequence of the breach of the agreement, if any, which he has plead, does not comply with the requirements of this rule.

When a plaintiff sues for damages for a breach of an alleged contract, and the defendant specially denies the execution of the contract as plead and alleges that he entered into another and distinct contract from the one pleaded by plaintiff, and the proof shows that the contract as plead by the defendant was not breached, then the court should clearly and affirmatively so charge the jury as to require them to pass upon this issue so raised by defendant's pleadings and evidence, and a failure so to do when requested, is reversible error. Smithwick v. Andrews, 24 Texas, 488; Norwood v. Boon, 21 Texas, 593; Western U. Tel. Co. v. Andrews, 78 Texas, 305; Hoefling v. Dobbin, 91 Texas, 214.

It is error to permit a non-expert witness to give his opinion with reference to the amount of business that he supposes the defendant was doing, and to assume from conjectures merely the amount of business done by defendant, as a basis for the measure of damages.

*Z. I. Harlan,* for appellee.—There is no such difference between the antitrust act of 1903 and those of 1889 and 1895 as will change the decisions made under those acts that transactions of the kind between appellant and appellee are not violative of or void under that act. The law still requires that there shall be a "combination," "a union or association by two or more" before there can be a trust. Acts 1889, p. 141; Acts 1895, p. 112; Acts 1903, p. 119; Gates v. Hooper, 90 Texas, 564; Erwin v. Heyden, 43 S. W. Rep., 611-12; Patterson v. Crabb, 51 S. W. Rep., 870-1; Wolff v. Hirschfeld, 23 Texas Civ. App., 671.

Agreements of the kind set up and proven in this case are not in restraint of trade and are upheld in Texas. Welsh v. Morris, 81 Texas, 160; Patterson v. Crabb, 51 S. W. Rep., 870; Wolff v. Hirschfeld, 23 Texas Civ. App., 671; Raymond v. Yarrington, 96 Texas, 443.

The jury gave the plaintiff only nominal damages for breach of the contract; and hence the charge of error was harmless; and in the second place the measures of damages given by the court in the charge is correct. Welsh v. Morris, 81 Texas, 161; Raymond v. Yarrington, 96 Texas, 452.

As a means of ascertaining what damage plaintiff had sustained, if any, by the breach of the contract between plaintiff and defendant, it was competent to prove the amount of business done by defendant and the profit which would result from such a business. Welsh v. Morris, 81 Texas, 160-1; Raymond v. Yarrington, 96 Texas, 452.

FISHER, CHIEF JUSTICE.—This is an injunction suit and for damages, to restrain appellant from engaging in the drug business at Lott, Texas, in violation of an agreement not to there engage in business at that point, in consideration of the purchase by appellee of appellant's interest in a partnership drug business with the plaintiff, and for damages for breach of such contract.

The petition was filed on June 23, 1903, and alleged damages for the breach of the contract at $75 a month from the 10th day of January, 1903. The case was tried on the 25th day of January, 1904, and a verdict and judgment were rendered against the appellant in plaintiff's favor for the sum of $15 damages, and enjoining the appellant from the prosecution of the business in the town of Lott so long as the appellee continued in the drug business.

The petition avers that the appellant and appellee were partners in a large and lucrative drug business in the town of Lott, and that on the 29th of June, 1899, they entered into a contract, by the terms of which plaintiff purchased from defendant and defendant sold to plaintiff his undivided half interest in the partnership business and its assets, the plaintiff paying therefor the sum of $800 cash, and assuming the payment of all outstanding indebtedness of said partnership, amounting in the aggregate to $250, which said indebtedness plaintiff has since fully paid off and discharged; that as an inducement to plaintiff to purchase the defendant's interest, he represented to plaintiff that it was his intention to retire from the drug business at Lott, and to remain permanently out of said business at said point, and that if the plaintiff would purchase his interest in said business, that defendant would convey to him, the plaintiff, his good will in the business at said point, as well as the good will of said business, and that he, defendant, would permanently retire from the retail drug business at said point and leave plaintiff without competition from defendant, together with his good will and the good will of said business; and that thereupon a written contract was executed upon the basis of this agreement, whereby the defendant obligated himself that he would not engage, nor would he hire, in the drug business for any other drug firm in the town of Lott, so long as the plaintiff was in business at that point; and the plaintiff effected the trade and the contract as above stated in consideration that the defendant would retire from the said business and not engage in the drug business so long as the plaintiff remained in that business in the town of Lott.

The petition then proceeds to allege a breach of this contract, and the evidence shows that the defendant did violate it by engaging in the drug business in the town of Lott, while and during the time that the plaintiff was there engaged in the same business.

The evidence in the record supports the averments of the petition. The appellant demurred to the plaintiff's petition on the ground that the contract pleaded was in restraint of trade, and was unlimited both as to time and place; and therefore the contract was void. The court overruled these demurrers. It is contended under the assignments of errors that present this question that the contract was void, both at common law and under the antitrust statute of 1903.

We can not agree with appellant in this contention. The contract pleaded and proven was not unlimited as to time and place, and is of such reasonable character within its terms that it is not of a nature as is denounced by the common law. The cases cited in the appellee's brief on this question clearly support this conclusion. And we are also of the opinion that it is not affected by the antitrust statutes existing prior to the Act of 1903, if it comes within the meaning of this statute, which we do not believe to be the case. Gates v. Hooper, 90 Texas, 564. But, however, we are of the opinion that the statute of 1903 can not be held to apply to the contract in question. The contract in question was entered into several years prior to the passage of the Act of 1903, and at that time it had become executed. It is not believed that it was the intention of the Legislature to give the Act of 1903 a retroactive effect, so as to affect contracts previously entered into and executed, and if such was its purpose, it would be in violation of those provisions of the Constitution that prohibit legislation impairing the obligations of a valid contract. The contract was legal when entered into, and could not be subject to legislation impairing its effect.

The fourth and fifth assignments of error complain of the charge of the court on the measure of damages. We are of the opinion that the charge substantially submitted the correct rule upon this subject. But, however, if we are mistaken in this view, it is clear from the amount involved, and the evidence in the record on the subject of damages, that the verdict and judgment should be considered as merely for nominal damages. If the contract was breached, the plaintiff was certainly entitled to nominal damages, which the court instructed the jury they should find merely from the breach of the contract. This was correct. Viewing the verdict and judgment as being in compliance with this instruction, we think that if the court is wrong as to the issue of actual damages, that no harm has resulted to the appellant and no reversible error as to this question is shown.

What we have just said in effect disposes of the eleventh assignment of error. If the court erred in admitting the testimony of Ligon as to the amount of business and profits lost by him, by reason of the defendant's engaging in the business in breach of the contract, it is harmless error, for the reason that the jury did not award any actual damages; but, as said before, the verdict and judgment is practically one for nominal damages. Consequently it is clear that in arriving at a verdict the jury did not consider the testimony that was objected to. But we are not prepared to say that the evidence was not admissible. The loss of profits in the business, by reason of the defendant's breach of the contract, we think was a proper element of damage to be considered by the jury. Ligon testified as to facts which showed a familiarity with the subject about which he was testifying; and his estimate of the profits that were lost by reason of the defendant's engaging in business we think was admissible.

The twelfth assignment of error complains that the court erred in its main charge in failing to submit to the jury defendant's theory of the case as presented by the evidence on the question of failure or want of consideration with reference to the contract introduced by the plain-

tiff. We are of the opinion that the charge of the court did submit this question.

The remaining assignments of error complain of the refusal of the court to submit certain defenses raised by the pleadings and the evidence of the appellant. The question that arises under these assignments is based upon the following averments of the defendant's answer:

"4. And defendant further alleges that during the year 1899, while plaintiff and defendant were partners in the drug business at Lott, this defendant did offer to sell to plaintiff his, defendant's, undivided half interest in said business at invoice price of the goods and stock then on hand, defendant proposing that if plaintiff would accept said proposition and pay him one-half of the invoice price of said stock of goods on hand, that he would go out of the drug business at Lott; without specifying the time he proposed to remain out of said business; that this offer and proposition was refused and declined by said plaintiff; that thereafter and as a distinct and different proposition, and after said first proposition had been refused and declined by plaintiff, this defendant proposed to plaintiff that he, plaintiff, would make or name a price which he would either give or take in the sale of said business; that defendant would either give or take same, but that plaintiff declined to name a price, but proposed to defendant that he, defendant, should name a price that he was willing to give or take for said interest in said business, whereupon said defendant then and there named and fixed the sum of $700, which sum said plaintiff agreed then and there to pay this defendant for his interest in said business, and said plaintiff then and there took possession of said stock of goods, wares and merchandise belonging to said partnership, paying the defendant $50 in cash and executing his notes for the balance of the purchase money, which notes were subsequently paid by said plaintiff; and that said proposition as accepted did not contemplate or contain any agreement on the part of defendant to discontinue business at Lott or anywhere else, and that in the new agreement and contract as finally closed between said parties, it was not contemplated, agreed or stipulated that this defendant should not engage in the drug business at Lott, even for a limited time.

"5. And defendant would further represent that if this defendant ever signed any written agreement, by the terms of which he bound himself not to engage in the drug business in the town of Lott or any like agreement, then defendant says that the same was signed and executed after the sale of his interest in said business to plaintiff had been closed and the same was and is without consideration; and further, defendant says that if the plaintiff holds and has in his possession any instrument in writing, other than a bill of sale executed by him and transferred to plaintiff his interest in said business, then defendant says he was induced to sign the same on the representations of said plaintiff's son, John Ligon, acting for said plaintiff that the same was only a bill of sale for his interest in said business, and in accordance with the agreement that had been entered into between said plaintiff and defendant, as herein pleaded, which representations were relied upon by this defendant, and was signed and executed by him while in great haste to catch a train out of said town of Lott, being presented to him for his

signature by the said John Ligon under such circumstances, and if as stated, the same contained any statements with reference to remaining out of said business in the town of Lott, the same was signed under a misapprehension of what it contained, being deceived and misled by the acts of said plaintiff and his agent, as aforesaid; all of which facts defendant is ready to verify."

There is some evidence in the record, coming from the appellant, that has a tendency to establish these averments, all of which were denied by the appellee, as well in his pleading as by his evidence. The points presented by these pleas are: (1) That it was not agreed and contemplated as a part of the consideration of the sale by appellant that he should discontinue and not again engage in the drug business in the town of Lott. (2) That if the written contract did embody such a stipulation, that it was without consideration, as it was signed and executed after the sale had been completed and closed, and there was no new or additional consideration advanced or given when the written agreement was executed; that the execution of the written contract was procured by the fraud of John Ligon, son of the plaintiff, and who was acting for him, in that such agent represented to the appellant that the agreement so signed was merely a bill of sale, and that the appellant hastily executed it without reading it, and without knowledge that it contained the stipulation that the appellant was not to enter or engage in the drug business in the town of Lott.

The charge of the court is as follows: "Gentlemen of the Jury: If you believe from the evidence before you that as a part of the transactions between plaintiff and defendant, by which plaintiff on the 29th of June, 1899, purchased from defendant his, defendant's one-half interest in the Lott Drug Company, defendant agreed not to be thereafter in any way connected with the drug business in the town of Lott, Falls County, Texas, so long as plaintiff was in the retail drug business in said town, without plaintiff's consent, and you further believe from the evidence that at said time, or thereafter, said agreement was reduced to writing and signed by said defendant, you will find for plaintiff; and unless you so find from the evidence, you will find for defendant.

"If you find for the plaintiff you will then consider what, if any, actual damages he has sustained to his drug business in the town of Lott as a direct consequence of the breach of the agreement, if any, on the part of defendant not to so engage in the drug business in the town of Lott, and for such damages as you may find he so sustained, if any, you will return a verdict in plaintiff's favor against defendant, the damages so found not to exceed, however, the sum of $75 per month from the date which you may find from the evidence defendant reengaged in the drug business in the town of Lott since January 10, 1903, and between that date and this.

"The measure of plaintiff's damages for the breach of the agreement, if any, on the part of defendant not to engage in the drug business at Lott would be the loss of profits, if any, to plaintiff's drug business at said town of Lott, which you may find from the evidence was the direct result of defendant's engaging in the same business at said point, and

if he has suffered no such loss of profits, you will not find any actual damages against defendant.

"If you find that defendant made such an agreement with plaintiff not to engage in the drug business at Lott as is mentioned in paragraph 1 of this charge, and you find that plaintiff has suffered no actual damages, such as are defined in the preceding paragraph of this charge, then for the breach of said agreement you will find for plaintiff nominal damages, by which is meant some trifling sum which is allowed for the breach of contract and no serious loss is proven to have been sustained.

"If you find for the plaintiff, your verdict should be as follows: 'We the jury find for the plaintiff, and assess his damages at —— dollars,' filling the blank with whatever amount you may find his damages to be, if any, under the foregoing instructions.

"If you find for the defendant, your verdict should be as follows: 'We the jury find for the defendant.' And your foreman will sign such verdict as you may find. You are the exclusive judges of the facts proven, the weight of the evidence and the credibility of the witnesses.

"You are charged that the burden of proof is upon the plaintiff to prove his case by a preponderance of evidence, and if in your judgment he has failed to do this, then you will find for the defendant.

"If you believe from the evidence in this case that prior to the execution of the written instrument offered in evidence the plaintiff and defendant had entered into a verbal contract, by the terms of which defendant was to sell to plaintiff his interest in the drug business at Lott for a specified consideration, and that the defendant did, in pursuance thereof, sell and deliver to plaintiff his interest in said business, and that the trade was then and there closed, and all the terms and conditions of said trade fully complied with, and you further believe that it was not then and there contemplated or agreed between said parties as a part of said contract that the defendant would not be in any way connected with the drug business and would not hire to or work for any other drug firm in the town of Lott, Texas, as long as the plaintiff was in business, without his consent, then if you so find from the evidence, you will find for the defendant."

The charge places the burden of proof upon the plaintiff to establish his case by a preponderance of the evidence. The first paragraph of the charge expressly informs the jury that in order for the plaintiff to recover he must establish the facts evidenced by the written contract which was signed by the defendant, and unless he has done so, they will return a verdict for the defendant. The last paragraph instructs the jury that if prior to the execution of the written contract the plaintiff and defendant entered into the verbal agreement as contended for by the appellant, and that the trade was then closed, and that it was not then contemplated or agreed between the parties that the defendant would not in any way be connected with the drug business, then to find for the defendant.

These charges substantially present the issues raised by the defendant's pleadings. The plaintiff's right is made to depend upon the existence of the contract as stated in the written agreement, and the jury are expressly told that if this document did not embody the true contract,

but that if they believed a previous contract had been entered into which did not prohibit the appellant from engaging in the drug business, and that that contract had been consummated and closed, as pleaded by the defendant, then the plaintiff could not recover. As said before, this substantially presented the issues contended for by the appellant.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.