## NICKELS v. PREWITT AUTO CO.

(Court of Civil Appeals of Texas. Austin. May 1, 1912. On Motion for Rehearing, Oct. 9, 1912.)

1. CONTRACTS (§ 312*)—CONSTRUCTION.

Where a contract gave defendant the exclusive right to sell certain automobiles and supplies in a fixed locality, plaintiff did not violate the agreement by selling to a resident of that locality at its own place of business, which was outside of the boundaries fixed by the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1279½; Dec. Dig. § 312.*]

### On Motion for Rehearing.

2. PRINCIPAL AND AGENT (§ 3*)—CONSTRUCTION OF CONTRACT.

A contract whereby plaintiff gave to defendant the exclusive and sole right to sell certain automobiles and supplies in a designated locality for a fixed length of time is not a mere contract for an exclusive agency, but is an attempt to confer upon defendant the sole right to sell those articles in the territory mentioned, and prohibits plaintiff from making any sales in that territory within the time prescribed.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 3-9, 11, 12; Dec. Dig. § 3.*]

3. MONOPOLIES (§ 17*)—TRUSTS—COMBINATIONS—STATUTES.

An agreement whereby plaintiff was to give defendant the sole and exclusive right to sell certain automobiles and supplies in a fixed territory for a given length of time is not in violation of Rev. Civ. St. 1911, art. 7796, defining a trust as a combination of capital, skill, or acts by two or more persons for specified purposes; there being no combination in this case.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. § 17.*

For other definitions, see Words and Phrases, vol. 8, pp. 7116-7119]

4. MONOPOLIES (§ 17*)—TRUSTS—COMBINATIONS—STATUTES.

Where neither party to a contract giving an exclusive selling agency in specified territory was a corporation, and there being no evidence of a combination or consolidation, the agreement was not in violation of Rev. Civ. St. 1911, art. 7797, defining a monopoly as a consolidation or combination of two or more corporations.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. § 17.*

For other definitions, see Words and Phrases, vol. 5, pp. 4570-4574.]

5. MONOPOLIES (§ 17*)—TRUSTS—COMBINATIONS—STATUTES—"CONSPIRACIES AGAINST TRADE."

Where neither party to the contract was engaged in buying or selling automobiles or any other article of merchandise, a contract whereby plaintiff gave defendant the exclusive right to sell certain machines and supplies in a designated locality for a given length of time is not in violation of Rev. Civ. St. 1911, art. 7798, defining as conspiracies against trade agreements or understandings whereby any two or more persons engaged in buying or selling any article of merchandise refuse to buy or sell from any other persons, or threaten to or boycott any other persons.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. § 17.*]

For other definitions, see Words and Phrases, vol. 2, pp. 1454-1461; vol. 8, p. 7613.]

Appeal from Williamson County Court; Richard Critz, Judge.

Action by the Prewitt Auto Company against J. A. Nickels. From a judgment for plaintiff defendant appeals. Affirmed.

Luther Nickels, of Hillsboro, for appellant. W. A. Barlow, of Taylor, for appellee.

KEY, C. J. This is a suit upon a promissory note for $300, with interest and attorney's fees, and from a judgment in favor of the plaintiff the defendant has appealed.

The appeal involves but two questions, and these are: First, that the note sued on is part of a contract which contravenes the anti-trust statute of this state, and therefore the note is not enforceable; and, second, that, if the contract does not contravene the statute referred to, the plaintiff had violated its terms, and that the defendant should be awarded damages as an offset against the note. The contract referred to shows that the note sued upon was executed in part payment for certain automobiles; and, among others, it contains this stipulation: "And the said Prewitt Auto Co. hereby gives the said J. A. Nickels the 'exclusive and sole right to sell the Moon Motoring Car Company's automobiles and supplies in the counties of Falls and Limestone and in Mart, McLennan Co., and the trade territory of Mart, and this right shall be in force until the first of October, 1911." It is upon that stipulation that appellant bases the proposition that the contract is in conflict with the anti-trust statute, and therefore not enforceable. We overrule that contention, and hold that the stipulation referred to does not require or authorize anything to be done that is prohibited by said statute. It merely conferred upon appellant an exclusive agency, in a restricted territory, and for a short period of time. It did not prohibit the other party from making sales elsewhere; nor did it attempt to fix prices or prohibit appellant from purchasing or selling other articles of the same kind obtained elsewhere. Norton v. Thomas & Sons, 99 Tex. 578, 91 S. W. 780; s. c., 93 S. W. 711; Redland Fruit Co. v. Sargent, 51 Tex. Civ. App. 619, 113 S. W. 330; Forrest Photographic Co. v. Hutchinson Grocery Co., 108 S. W. 768; 3 King's Conflicting Cases, p. 297.

[1] The other question is based upon the fact that during the time covered by the contract appellee sold to one Robert Nickels an automobile of the kind and class referred to in the contract, and at the time of that sale Robert Nickels resided within the territory specified in the contract, which sale,

however, was not made in that territory, but at Dallas, Tex. Appellant's contention is that he had the exclusive right to sell to residents of the territory specified in the contract, but that contention is not borne out by the terms of the contract. That instrument vested in appellant the exclusive right to sell in the territory referred to, but did not prohibit sales by appellee to residents of that territory, who might desire to go to Dallas, or elsewhere outside of that territory, and purchase automobiles or supplies.

No error has been shown and the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

After due consideration we have reached the conclusion that appellant's motion for rehearing in this case should be overruled.

[2-5] However, we are now satisfied that this court fell into error when it held that the stipulation in the contract set out in our former opinion "merely conferred upon appellant an exclusive agency in a restricted territory and for a short period of time." We now hold that the stipulation in question attempted to confer upon appellant the sole right to sell the Moon Motoring Car Company's automobiles and supplies in the territory mentioned; and the effect of it was to prohibit the Prewitt Auto Company, the other party to the contract, from making any sales of such property in that territory within the time prescribed. But we hold that neither appellant's answer, nor the proof submitted thereunder, shows any violation of the antitrust statute of this state. By articles 7796, 7797, and 7798 of the Revised Statutes of 1911, trusts, monoplies, and conspiracies against trade are defined. A trust is defined as a combination of capital, skill, or acts by two or more persons, firms, corporations, or association of persons, or either two or more of them, for specified purposes set out in seven subdivisions of article 7796. A "monopoly" is defined as a combination or consolidation of two or more corporations, when effected in certain specified ways; and article 7798 reads: "Art. 7798. Conspiracies Against Trade, What Constitutes. Either or any of the following acts shall constitute a conspiracy in restraint of trade: (1) Where any two or more persons, firms, corporations or associations of persons, who are engaged in buying or selling any article of merchandise, produce or any commodity, enter into an agreement or understanding to refuse to buy from or sell to any other person, firm, corporation or association of persons, any article of merchandise, produce or commodity. (2) Where any two or more persons, firms, corporations or association of persons shall agree to boycott or threaten to refuse to buy from or sell to any person, firm, corporation or association of persons for buying from or selling to any other person, firm, corporation or association of persons." That the agreement of the Prewitt Auto Company not to sell the Moon autos and supplies in the territory designated did not constitute such a combination of capital, skill, or acts as is necessary to constitute a trust, as defined by the statute referred to, is settled by the decision of our Supreme Court in Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079.

Both the pleadings and evidence failed to show that either of the parties to the contract was a corporation, and failed to show any combination or consolidation; and therefore it is quite clear that the defense of monopoly was not sustained. Nor did appellant's answer or the proof submitted thereunder show a conspiracy against trade, as defined by the statute, because it was not alleged or proved that both or either of the parties to the contract were engaged in buying or selling automobiles, or any other article of merchandise. If it had been alleged and proved that the Prewitt Auto Company and appellant, Nickels, were each and both engaged in the business of buying and selling automobiles, a different question would be presented, and we might hold that the contract was in violation of the first subdivision of article 7798; but no such allegation or proof was made. That is the provision of the statute which appellant seems to contend was violated, but we hold that his pleading and proof does not go far enough to show such violation. The language "who are engaged in buying or selling," etc., was evidently placed in the statute for the purpose of limiting that provision to merchants and others engaged in some particular business; and therefore, in order to show a violation of that provision, it is necessary to allege and prove that the parties to the alleged illegal contract were engaged in the business of buying or selling such articles as the contract relates to.

It is not contended that the second subdivision of that article has any application to the case, and such contention could not be urged with any degree of plausibility. Hence we hold that appellant failed to establish the defense which he undertook to interpose.

Motion overruled.