MALAKOFF GIN CO. v. RIDDLESPERGER et al. (No. 6760.) (Court of Civil Appeals of Texas. Dallas. April 7, 1917.) Appeal from District Court, Henderson County; B. H. Gardner, Judge. Action by the Malakoff Gin Company against C. A. Riddlesperger and others. From a judgment for plaintiff for damages, but denying it injunctive relief prayed for, it appeals. Question certified to Supreme Court. Question answered. 192 S. W. 530. Judgment refusing injunctive relief reversed, and judgment rendered here; judgment in other respects affirmed. Richardson, Watkins & Richardson, of Athens, for appellant. E. P. Miller and Faulk & Faulk, all of Athens, for appellees.

TALBOT, J. Appellees, C. A. Riddlesperger and his brother, S. J. Riddlesperger, sold their gin in Malakoff, Tex., to the appellant, then a copartnership, for $4,000 cash in hand, and entered into a written agreement that they, the Riddlespergers, would not go into the ginning or mill business in the community of Malakoff so long as their purchasers continued to engage in said business in said community. The Riddlespergers desisted from such business for about one year, when they rebuilt them a gin and engaged in competition with plaintiffs up to the time of the trial of this cause. Plaintiff in the court below, who is the appellant here, protested against the violation of their covenant with defendants, and brought suit against them for the damages done by reason of same, and prayed the court that the said Riddlespergers be enjoined and restrained from further continuing in said business of ginning and milling in said community. The jury found that the defendants, the Riddlespergers, had violated their contract not to so engage in said business, and found for the plaintiff in the sum of $10 as their damages. The plaintiff insisted upon its prayer that the court enter its order enjoining and restraining the defendants, Riddlespergers,

from further violation of their said agreement, and asked specially that the court enter its order to that effect. The court declined to do so, and the plaintiff excepted in open court and perfected an appeal to this court. The appellant presents in this court but one assignment of error, which raises the question: Was the appellant, under the facts and the verdict of the jury, entitled to the injunction prayed for, and did the trial court err in refusing it? This question was certified to the Supreme Court for adjudication, and by that court answered in the affirmative. A full statement of the facts and the verdict of the jury, upon which a decision of the question turned, will be found in the opinion of the Supreme Court, reported in 192 S. W. 530. The facts contained in that statement and the reasons given by the Supreme Court, as reported, are adopted in this opinion, and need not be set out herein. To do so, or to attempt to add anything to what is there said, would be superfluous and useless. The appellees present in their brief several cross-assignments of error, all of which relate to the same subject and are grouped. The proposition under these assignments, after reciting that the written contract upon which the suit is founded, shows that the appellees sold their gin, mill, and machinery, situated in Malakoff, Tex., to the appellant, for the sum of $4,000 cash, and guaranteed said property and the title thereto unto the appellant, its heirs, successors, and assigns, forever, and closed up with an agreement not to put up any gin or mill in the said Malakoff community as long as appellant operated said gin or mill in said Malakoff community, is that said "contract is plain and unambiguous, and construes itself, and it is improper to allow any kind of proof to be introduced that tends to change, vary, or enlarge its terms, and no proof can be properly introduced to show that the $4,000, or any part thereof, was paid for anything except the gin, mill and machinery, and it was improper for the court to charge, or allow any proof to show, that the agreement contained in the contract was bind-ing on any one except the parties to it, to wit, the Riddlespergers and the partnership composed of H. L. Flagg and T. A. and J. W. Bartlett; and the court should have charged that when said partnership, as a partnership, ceased to operate said gin and mill and machinery in Malakoff, they forfeited all rights contained in said agreement, and it was no longer binding on the Riddlespergers." This proposition has been, in effect, decided against appellees by what is said by the Supreme Court in its opinion, to which we have referred, and clearly cannot, under the facts, be maintained. The cross-assignments of error are therefore overruled. The judgment of the district court in refusing to grant appellant the relief by injunction as prayed for is reversed, and judgment here rendered granting such relief. The judgment of the district court in other respects is affirmed.