SCHLAG v. JOHNSON et al.   (No. 1447.)

(Court of Civil Appeals of Texas.   Amarillo.
Jan. 15, 1919.)

1. CONTRACTS &117(3)—MONOPOLIES &12
(4)—AGREEMENT NOT TO ENGAGE IN BUSI-
NESS IN TOWN.

Contract whereby partner engaged in plumb-
ing and windmill business, retiring from firm
in favor of another, agreed not to engage in
business in town in competition with his old
and the new partner, *held* not void at common
law as against public policy, nor as establish-
ing trust, monopoly, or conspiracy in restraint
of trade as defined and denounced by Rev. St.
1911, arts. 7796–7798, nor evidencing combina-
tion of capital, skill, or acts to accomplish things
forbidden.

2. APPEAL AND ERROR &907(3) — ABSENCE
OF STATEMENT OF FACTS—PRESUMPTION.

In absence of statement of facts on appeal,
presumption will be indulged in favor of trial
court's judgment, and that it had evidence to
support it.

3. PLEADING &349 — JUDGMENT ON PLEAD-
INGS AND ADMISSION — ABSENCE OF EVI-
DENCE.

In suit to restrain defendant from pursuing
business in town contrary to his agreement
when he left firm which took in another mem-
ber in his place, *held* that court erred in render-
ing judgment enjoining defendant, without any
evidence being introduced, on pleadings and ad-
mission in paragraph of answer.

4. EVIDENCE &432—PAROL EVIDENCE CON-
TRADICTING WRITING—CONSIDERATION.

Recitation of consideration in contract,
whereby defendant agreed not to engage in his
former business in town, being contractual, evi-
dence that there was no consideration for agree-
ment not to engage in business would be inad-
missible in suit to enforce agreement, in absence
of allegation of fraud or mistake.

Appeal from District Court, Donley Coun-
ty; Hugh L. Umphres, Judge.

Suit by F. A. Johnson and another against
D. J. Schlag.   From judgment for plaintiffs,
defendant appeals.   Reversed and remanded.

H. B. White, of Clarendon, for appellant.
A. T. Cole, of Clarendon, for appellees.

HUFF, C. J.   This is an appeal by Schlag
from a judgment enjoining and directing him
to desist from further pursuing a certain
business and avocation in the town of Clar-
endon, Tex., in competition with F. A. John-
son and W. C. Stewart.   The case is here
alone on pleadings and judgment.   F. A.
Johnson and W. C. Stewart sued as a part-
nership under the firm name of Johnson &
Stewart, alleging that since the 5th day of
April, 1917, they were in the business of
plumbing and furnishing and repairing wind-
mills, and in the sale of plumbing wares and

parts thereof, in the town of Clarendon, and
that they had been engaged in the business
for many years; that prior to that date for
many years plaintiff Stewart had been in the
same business alone, and that for more than
a year prior thereto plaintiff Johnson and
the defendant Schlag had been in the same
business, in the town, as partners, under the
firm name of Johnson & Schlag; that on the
5th day of April, 1917, the plaintiffs entered
into a partnership, and purchased of the de-
fendant all his interest in the partnership
business then and theretofore conducted by
the firm of Johnson & Schlag, paying him
therefor the sum of $1,482.65, and also as
part of the consideration paid them assumed
and agreed to pay bills owing by the firm
of Johnson & Schlag, and as part of the con-
sideration above paid and assumed by the
plaintiff the defendant agreed that he would
not again enter into the plumbing business
in said town of Clarendon, nor into the wind-
mill business in said town of Clarendon, and,
further, he agreed that he would neither sell
the wares belonging to either business or
trade, and that he would not again work at
either trade, and never again in the town
directly or indirectly engage in either busi-
ness.   The contract or bill of sale is as fol-
lows:

"For and in consideration of the sum of
$1,482.65, to me paid by F. A. Johnson and
W. C. Stewart, I hereby bargain and sell and
by these presents do bargain and sell and de-
liver to the said F. A. Johnson and W. C.
Stewart, all of my interest in and to all of the
goods, wares and merchandise of every kind
whatever, including all store and office furniture
and fixtures belonging to the said Johnson and
D. J. Schlag, firm doing business under the
firm name of Johnson and D. J. Schlag, and in
the C. Benson building on the west side of Ker-
ney street, in block 7, in Clarendon, Texas, also
all of the accounts belonging to the firm of
Johnson & Schlag, the said F. A. Johnson and
W. C. Stewart hereby assuming and agreeing to
pay all accounts due by the firm of Johnson
& Schlag.   It is part of the consideration of
this sale, that I, the said D. J. Schlag, hereby
obligate myself under proper penalties, that I
will not again enter into competition in the
plumbing and windmill business or sale or work,
either directly or indirectly, in Clarendon, Tex-
as, and I do so contract and agree and acknowl-
edge that a part of the purchase price herein
and above set forth is this obligation upon my
part not to so enter again into competition
with the said parties.   The title to the above
property, I warrant and defend.   Witness my
hand at Clarendon, Texas, this April 5, 1917.
Witness: G. P. Arington.   [Signed] D. J.
Schlag."

It is alleged that it was understood the
moving cause of the purchase of defendant's
interest in the business was the defendant
would not enter again into business in said
town in competition with them; that defend-
ant knew that plaintiffs had long been in

business in the town, and intended so to continue therein, under the partnership mentioned, for profit, and knew that plaintiffs paid the sum to him for the purpose of releasing themselves of his efforts and competition in said town for all time, and, so knowing, executed the writing, by the terms of which he bound himself never again to enter directly or indirectly in said town into the business so purchased. They then allege that he had breached the contract by entering into competition, and threatened to continue to do so, and disregarding his obligations in the contract. They sued also for $600 damages, and sought an injunction, restraining him from pursuing the occupation and business. The petition was not sworn to, and no temporary writ was granted or prayed for. The defendant answered by general and special exceptions. The special exceptions are to the effect that the contract is in violation of the anti-trust and monopoly laws of Texas, and that the contract is void in that the time limit is not to any number of years or space of time, and that the contract is against public policy, in that it is shown that the plumbing business is a useful business in which the public of Clarendon was interested, and that it was unreasonable in its requirements, and in that particular was contrary to the common law. The appellant also answered by general denial, demanding strict proof, and further specially answered:

"(5) While defendant admits that he signed the contract as set out in plaintiffs' petition, yet he would nevertheless show to the court that there was no consideration for that part of said contract in which it was stipulated that he would never again engage in the plumbing business in said town of Clarendon, in competition with plaintiffs; that the consideration mentioned in said contract represents the agreed invoice value of defendant's interest in the stock of plumbing wares, tools, etc., which plaintiffs paid him in exchange for his said interest, and therefore there was and is an utter absence of any consideration whatsoever for that part of said contract just mentioned."

And by further special answer that he and Stewart were the only master plumbers in the town of Clarendon, and that the town was in need of the plumbers, alleging that a great per cent. of the inhabitants of the town were using the sewer and waterworks, which required the business of master plumbers, and that there was sufficient work for them, and he alleged that Stewart was either incompetent or negligent, and that the citizens of the town had to apply to outside sources for competent plumbers, etc. He alleges the war brought about conditions making it hard to obtain plumbers, and that the contract was unreasonable in restricting the town of Clarendon to one master plumber, etc. The plaintiffs, by supplemental petition, filed August 3, 1918, alleges that they were entitled to the injunction prayed for in their original petition, on the answer filed therein during the month of January, 1918, and one filed July 29, 1918, and, further, they waived and disclaimed by their supplement all pecuniary damages "herein that action may be had hereon." The judgment is dated August 3, 1918, reciting that plaintiff answered ready for trial, but defendant announced not ready, and presented his motion for continuance, which was overruled. The exceptions presented by appellant were also overruled, and the judgment then recites:

"Whereupon, no further pleas and demurrers and motions of defendant being urged, the cause proceeded to trial, and the pleadings were read to the court, and the court being of the opinion that the admissions contained in paragraph 5 of defendant's answer authorized and requires that the relief prayed for in plaintiff's petition should be granted. Plaintiffs having waived all claims for damages, it is therefore ordered and decreed by the court that plaintiffs, F. A. Johnson and W. C. Stewart, do have and recover against defendant, D. J. Schlag, the injunction prayed for in plaintiffs' petition"

—and then proceeded to decree the injunction.

[1] The appellant presents several assignments, raising practically the same issues raised by his exceptions to plaintiff's original petition. While in one or two places the petition alleges appellant was "never again" to enter into the business or trade, it is apparent, we think, that appellees claim no right except for a breach, or threatened breach, of the contract set out in full in the petition, and upon which they base their right. The contract, in our opinion, is subject to no such interpretation, but limits the restriction to the town of Clarendon and to competition with appellees in the line of business bought and sold. Their right to damages and to the injunction was based on the breach of the contract, and could have been had upon no other. Apparently appellant concedes that the limitation or restriction as to territory is not unreasonable, but asserts the contract is unlimited as to time or is unrestricted as to duration. The restriction as to time is not definite, but we do not think the duration of the restriction unlimited. The contract provides that appellant is "not to so enter again into competition with said parties" (appellees). This is further limited to the plumbing and windmill business in the town of Clarendon. Appellant in his brief asserts the contract is a restriction for all time. Obviously this is incorrect.

It is our view the contract as set up and under the allegations is not void at the common law or against public policy. The Supreme Court of the United States has said:

"It is well settled that a stipulation by a vendee of any trade, business, or establishment that the vendor shall not exercise the same trade or business, or erect a similar establish-

ment within a reasonable distance, so as not to interfere with the value of the trade, business, or thing purchased, is reasonable and valid." Oregon v. Winsor, 20 Wall. 64, 22 L. Ed. 315.

The courts of this state have followed the rule thus announced in a variety of cases. Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079; Crump v. Ligon, 37 Tex. Civ. App. 172, 84 S. W. 250; Comer v. Burton, 24 Tex. Civ. App. 251, 58 S. W. 969; Erwin v. Hayden, 43 S. W. 610; Anderson v. Rowland, 18 Tex. Civ. App. 460, 44 S. W. 911; Patterson v. Crabb, 51 S. W. 870; Tobler v. Austin, 22 Tex. Civ. App. 99, 53 S. W. 706; Wolff v. Hirschfeld, 23 Tex. Civ. App. 670, 57 S. W. 572; Forrest Photo Co. v. Hutchinson Grocery Co., 108 S. W. 768; Norton v. Thomas, 99 Tex. 578, 91 S. W. 780; Nickels v. Prewitt Auto Co., 149 S. W. 1094; Woods v. American Brewing Ass'n, 183 S. W. 127. The terms of the contract in question, in its essential stipulations, are very much the same as those in the contract in the case of Malakoff v. Riddlesperger, 133 S. W. 519; same case on certified question to Supreme Court, 192 S. W. 530, and memorandum opinion, 194 S. W. 1182; Crump v. Ligon, supra. The contract on its face will not establish a trust as defined in article 7796, Rev. Civ. St. It does not evidence a combination of "capital, skill or acts" for the purpose of accomplishing the things named under the seventh subdivision thereof. The petition alleges that a partnership was formed between Johnson and Stewart, who had theretofore been in separate business establishments. The partnership so formed is not shown by the pleadings to have been organized by the union of capital, skill, or acts for the purpose of the restriction of trade or commerce or the free pursuit of any business or to affect the prices or to lessen competition, or to fix and maintain a standard, or by agreement not to sell or to keep it at fixed graded figures, or to fix or limit the output of articles, or to abstain from or continuing any business, etc. The union or association is not shown to have been formed for any or either of such purposes. The mere fact that appellees entered into partnership relations does not, in our opinion, allege a combination denounced by the statutes. Partnerships, as such, are not illegal, but authorized by law. If there had been an agreement entered into by the two businesses, by virtue of which any of the things forbidden by law were sought to be accomplished, it would have been a trust, and illegal. The following cases are illustrations of such illegal combinations: Crandall v. Scott, 161 S. W. 925; Smith v. Kousiakis, 172 S. W. 586; Robinson v. Levermann, 175 S. W. 160, and authorities cited. The purpose of the bill of sale was to evidence a sale and purchase of the interest of appellant and of payment to him of a consideration for his good will in the increment at-tached thereto, by appellant's personal influence and labor, and to stipulate that he should secure the value of such purchase to appellees, and to this end he agreed not to enter into competition with his vendees. This did not evidence a union of capital, skill, or acts, but was just the opposite. They each held their capital, skill, or acts in severalty and not in union. One sold and the other bought this adjunct to the business which appellant regarded as a thing of value and subject to sale, as does also the law. The appellees have a reasonable right to the benefit of that which they bought and paid for. Under article 7797 this transaction as alleged was not a monopoly; that is it does not evidence a consolidation of two or more corporations. We do not think that the contract evidences a conspiracy in restraint of trade, denounced by article 7798; that is, an agreement to refuse to buy from or sell to any other person, firm, etc., any article of merchandise, or to boycott other persons. The above article evidences that an agreement between two distinct entities must be entered into under an agreement not to sell to another person or firm, but the contract in question is simply a sale of that trade and confidence attached to the business with which appellant had been connected, and to secure the fruits of the sale to his vendees he stipulated he would not enter into competition with the business sold in that town. This was a reasonable requirement; otherwise such thing would not have been secured to the vendees, and would have been of no value. We believe the trial court ruled correctly in overruling the several exceptions.

[2, 3] The fifth assignment assails the action of the court in rendering judgment enjoining appellant without any evidence being introduced. The appellees insist, in the absence of a statement of facts, the presumption will be indulged in favor of the court's judgment, and that it had evidence to support it. As a rule this is true, but in this case appellant, by his supplemental petition, asked the court to render the judgment on the pleadings, and as an inducement thereto disclaimed any right to recover the damages sustained. The judgment specially states that it was rendered upon hearing the pleadings and the admissions contained in the fifth paragraph of appellant's answer. This admission was that appellant signed the contract, but it further alleges that the reservation contained in the contract was without consideration. The appellant by his pleadings did not admit that he had violated his contract or had threatened to do so. These facts were required to be established by the evidence before a writ could issue. The pleadings were unsworn, and no temporary writ had been issued or granted. The case stood for trial upon the issues made by the pleadings. The appellant had filed a general denial. We think, therefore, the court was

in error in rendering judgment on the pleading and the admission as contained in paragraph 5 of the answer.

[4] Before closing this opinion we will state that in our opinion the contract shows that the money paid by appellees for the business and for the reservation was the consideration for the reservation so bought and sold. This recitation is more than a mere receipt for the money; it is in its nature contractual; and, unless there is an allegation of fraud or mistake in so writing the contract, the evidence that there was no consideration would not be admissible. Malakoff v. Riddlesperger, 194 S. W. 1182; Matheson v. C–B Live Stock Co., 176 S. W. 734; James v. Doss, 184 S. W. 623.

We shall not discuss the effect of the remaining part of appellant's answer. For the reason above suggested, we believe the case should be reversed and remanded.