## W. L. Gates v. W. R. Hooper.

Decided April 5, 1897.

1. Trust—Combination a Necessary Element.

In order to constitute a trust such as is prohibited by the statute (Rev. Stats., art. 5313) there must be a combination,—that is a union or association,—of capital, skill or acts by two or more. (P. 565.)

2. Sale of Good Will—Agreement Not to Carry on Business.

A merchant sold out his stock and business, agreeing with the purchaser to retire from the mercantile business in the town for the period of twelve months, and to use his efforts to secure his patronage and custom to the purchaser. Held, that such contract was not unlawful as being in restraint of trade nor as contravening the statute of the State prohibiting trusts. (Rev. Stats., art. 5313.) (Pp. 564, 565.)

ERROR to Court of Civil Appeals, Fourth District, in an appeal from Zavalla County.

*B. B. Rose*, for plaintiff in error.—On restraint of trade at common law, 2 White & Wilson Civil Cases, sec. 723; Welsh v. Morris, 16 S. W. Rep., 744; Chappel v. Brockway, 21 Wend., 157; Nobles v. Bates, 7 Cowen, 307; and see also in this connection 73 Texas, 350, and Acts, 1889, 141.

The case most pertinent to the one at bar relied upon by appellee is the T. & P. Coal Co. v. Lawson, 34 S. W. Rep., 919, and from the opinion of Mr. Justice Denman, delivered in that case, we find that the following propositions must concur in order to bring a case within the scope of the act of March 30, 1889: 1st. A "combination," "union" or "association" of acts. 2nd. A common purpose or design by both appellant and appellee to "carry out restriction in trade" or "to prevent competition in sale or purchase of commodities."

*Ellis & Martin*, for defendant in error, cited: Ins. Co. v. State, 86 Texas, 264; Anheuser, etc., Assn. v. Houck, 27 S. W. Rep., 692; same case, 30 S. W. Rep., 869; T. & P. Coal Co. v. Lawson, 34 S. W. Rep., 919.

DENMAN, Associate Justice.—We adopt the statement of the case made by the Court of Civil Appeals, as follows:

"This suit was instituted by appellant against appellee on the 2nd day of May, A. D., 1896. The allegations in original petition are as follows: That on the 14th of June, 1895, defendant (appellee) being then a merchant and doing business as such merchant in the town of Batesville, in said county (Zavalla), entered into an agreement, partly verbal and partly in writing, with plaintiff (appellant), then and there also a merchant and doing business in said town as such merchant, by which defendant agreed, bound and obligated himself for a valuable consideration, moving from plaintiff, to retire from the mercantile business in said town of Batesville for the period of twelve months, and further agreed to use every effort to secure for plaintiff all the patronage and custom that he had himself enjoyed in the trade of merchandise at said place, including his individual patronage and custom. That at said time defendants enjoyed a large and profitable trade in merchandise in and around Batesville. That at said time defendant did retire from business as he had agreed and covenanted to do. That in consideration therefor, this plaintiff did purchase from defendant at his earnest request his stock of goods, wares and merchandise then and there being, and assumed to pay for him outstanding bills for goods, and purchased large amounts of notes and accounts pertaining to defendant's mercantile enterprise, at his urgent request, all upon the faith of defendant's said covenant that he would not engage in any mercantile enterprise or business for the space of time aforesaid in the territory aforesaid. That for a short time after such agreement was completed and purchase made the said defendant faithfully observed his covenant. That all the former patrons and customers of defendant thereafter for a time patronized and traded with plaintiff, the defendant himself also patronizing and dealing with plaintiff. That thereafter, to-wit, on or about the 13th of September, 1895, the defendant, totally disregarded his covenant with this plaintiff, did purchase a large stock of goods, wares and merchandise, and did resume his business as a merchant in said town, and has thence ever since pursued and now pursues his said trade in said town, and has thereby withdrawn large and valuable patronage from plaintiff in plain violation of said covenant, to plaintiff's damage fifteen hundred dollars.

"Appellee demurred generally on the ground that the contract set out in plaintiff's petition was illegal and void as a restraint on trade, and second, as preventing competition in the sale and purchase of merchandise. The general demurrer was by the trial court sustained and, plaintiff declining to amend, the cause was dismissed."

The Court of Civil Appeals having affirmed the judgment of the court below, plaintiff has brought the case to this court on writ of error, assigning as error said action of the Court of Civil Appeals.

It is not contended that the contract would be void if tested by the common law, but that it is a "trust" under our statute (Rev. Stats., art. 5313) as construed by this court in Ins. Co. v. State, 86 Texas, 264; T. &

P. Coal Co. v. Lawson, 89 Texas, 394 (34 S. W. Rep., 919); Welch v. Windmill Co., 89 Texas, 653 (36 S. W. Rep., 71); Brewing Co. v. Templeman, 90 Texas, 276 (38 S. W. Rep., 27); and Fuqua v. Brewing Co., 90 Texas, 298 (38 S. W. Rep., 29). In order to constitute a trust within the meaning of the statute there must be a "combination of capital, skill, or acts by two or more." "Combination" as here used means union or association. If there be no union or association by two or more of their "capital, skill or acts" there can be no "combination" and hence no "trust." When we consider the purposes for which the "combination" must be formed to come within the statute, the essential meaning of the word "combination," and the fact that a punishment is prescribed for each day that the trust continues in existence, we are led to the conclusion that the union or association of "capital, skill or acts" denounced is where the parties in the particular case designed the united co-operation of such agencies, which might have been otherwise independent and competing, for the accomplishment of one or more of such purposes. In the case stated in the petition there is no "combination." The plaintiff bought defendant's goods together with the good-will of his business, both of which were subjects of purchase and sale, and in order to render the sale of the good-will effectual the seller agreed that he would not for one year thereafter do a like business in that town. This was but a kind of covenant or warranty that the purchaser should have the use and benefit of such good-will during that year, for it is clear that if the seller had immediately engaged in a like business at the same place the purchaser would have had no benefit therefrom. By this transaction neither the capital, skill nor acts of the parties were brought into any kind of union, association, or co-operative action. The purchaser became the owner of the things sold and the seller was by the terms of the contract restrained from doing a thing which if done would have defeated in part the effectiveness of the sale. The agreement that the seller would exert himself to aid the purchaser in securing patronage but constituted the former the agent of the latter for that purpose, and in no wise contravened the statute. (Welch v. Windmill Co., supra.) Since the allegations do not show a "combination," we are of opinion that the transaction did not constitute a "trust" and that therefore the demurrer should have been overruled. The judgments of both courts will therefore be reversed and the cause remanded.

*Reversed and remanded.*