MALAKOFF GIN CO. v. RIDDLESPER-
GER et al.

(Court of Civil Appeals of Texas. Dec. 10, 1910. Rehearing Denied Jan. 14, 1911.)

1. GOOD WILL (§ 6*) — SALES — CONTRACT — CONSTRUCTION.

A provision in a contract for the sale of a cotton gin and gristmill to three partners that the sellers should not directly or indirectly reengage in the same business at the same place while the purchasers operated the gin is not construed as binding only so long as the purchasers remained partners, and hence the admission of another partner or the formation of a corporation to conduct the business would not impair the restriction against the sellers.

[Ed. Note.—For other cases, see Good Will, Dec. Dig. § 6.*]

2. PLEADING (§ 214*)—DEMURRERS—ALLEGATIONS—ADMISSIONS.

On a demurrer the allegations of the petition are taken as admitted for the purpose of determining the demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 534; Dec. Dig. § 214.*]

3. MONOPOLIES (§ 12*)—TRUSTS—STATUTES.

An agreement by the seller of a cotton gin and gristmill not to re-engage in that business so long as the purchasers operated it was not in violation of Laws 1903, c. 94, defining a "trust" as a combination of capital, skill, or acts of two or more persons, and prohibiting combinations to abstain from engaging in or continuing in business.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 10; Dec. Dig. § 12.*]

Appeal from District Court, Henderson County; B. H. Gardner, Judge.

Action by the Malakoff Gin Company against C. A. Riddlesperger and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Richardson, Watkins & Richardson, for appellant. Faulk & Faulk, for appellees.

TALBOT, J. This suit was instituted by the appellant, Malakoff Gin Company, against the appellees, C. A. Riddlesperger and S. J. Riddlesperger, alleging, in substance, that on July 9, 1907, the plaintiff was a copartnership composed of Harry Flagg and others; that on said date the defendants sold and delivered to said copartnership their entire gin plant mill and machinery, consisting of a cotton gin, gristmill, and other machinery attached to the same situated in the town of Malakoff, Henderson county, Tex.; that as an inducement to the said purchase and sale the defendants also sold and conveyed to said copartnership, under its firm name of Malakoff Gin Company and their successors, their good will in the ginning business in the town of Malakoff, and obligated themselves in writing not to engage, either directly or indirectly, in the business of ginning or milling, nor become interested in any other gin and mill in the Malakoff community so long as the said purchasers might operate said gin or mill in the community of Malakoff; that thereafter, in the year 1908, the copartnership, Malakoff Gin Company, by that name, was duly incorporated under the laws of Texas, the same parties who composed the said copartnership firm becoming the stockholders and officers of the said corporation, the plaintiff herein; that the corporation Malakoff Gin Company succeeded to and had

transferred to it all the gin and mill property and good will, purchased by the Malakoff Gin Company as a copartnership from the defendants, and has continued to run the same since the date of their said purchase; that, in violation of their agreement not to engage in the business of ginning or milling, the defendants, on the 15th day of August, 1908, procured the erection of another gin and mill in the Malakoff community, and from that date up to the time of the institution of this suit have engaged in the operation of said gin in said community, ginning much cotton, to plaintiff's damage $3,500, for which it prayed judgment. The defendants answered by general and special demurrers, a general denial and special plea. These demurrers were, among other things, to the effect: (1) That plaintiff's petition showed no cause of action; (2) that the agreement alleged by plaintiff to have been made by the defendants with the Malakoff Gin Company as a copartnership not to engage in the business of ginning in the Malakoff community so long as said copartnership operated the gin or mill purchased from defendants in said community, the breach of which is the basis of this suit, was void because in violation of section 7 of the anti-trust law of this state, passed in 1903 (Laws 1903, c. 94), prohibiting a combination of capital, skill, or acts by two or more persons, firms, or corporations to abstain from engaging in or continuing business, etc., partially or entirely within this state or any portion thereof; (3) that said contract is void because it is contrary to the anti-trust law, in that it creates or tends to create and carry out restrictions in trade or commerce or aids to commerce, and creates and tends to create and carry out restrictions in the preparation of cotton and cotton seed for market or transportation, and creates or tends to create and carry out restrictions in the free pursuit of ginning and preparing cotton and cotton seed for market or transportation, a business permitted and authorized by law. These special demurrers, as well as the defendants' general demurrer, were overruled, a jury impaneled, and, at the conclusion of the evidence, the court directed the jury to return a verdict for the defendants, which was done, and judgment entered in accordance therewith. From this judgment the plaintiff appealed.

The record does not affirmatively disclose the ground upon which the court's action in directing a verdict for the defendants was based; but the appellant assumes in its assignments of error and complains that the court erroneously construed the contract upon which it relies for a recovery to mean that, in order to constitute a violation of the stipulation therein to the effect that defendants would not, so long as the Malakoff Gin Company, as a copartnership firm, operated the gin or mill in question in the Malakoff community, engage in or become interested in any other gin or mill in that community, said firm must continue to run and operate said gin and mill, and that the change of the firm to a corporation and the succession and operation by it of said gin and mill, even though the members of said firm became the stockholders and officers of the corporation, would avoid that provision of the contract. This assumption on the part of the appellant is justified in view of the fact that the court overruled the defendants' exceptions to plaintiff's petition, and the question presented is: Was such construction of the contract erroneous? We have reached the conclusion that it was. There is practically no dispute about the facts. The Malakoff Gin Company was originally a copartnership composed of H. L. Flagg, J. A. Bartlett, and T. A. Bartlett. As such copartnership, on July 9, 1907, they purchased from the appellees the gin and mill property described in the petition. The sale and purchase of the property is evidenced by a bill of sale executed by the appellees expressing a consideration of $4,000 cash, and reciting, in substance, that, as a further inducement to the purchase by the gin company, the appellees covenanted and agreed with said company that, "during the time they operated the said gin or mill in the community in which Malakoff is situated, they would not directly or indirectly engage in or be interested in any other gin or mill in said community." The Malakoff Gin Company as a copartnership took possession of the gin and mill and operated it during the fall and winter of 1907-08. In February or March, 1908, a Mr. Gilmore of Athens, Tex., bought a third interest in the copartnership business, and in April or May thereafter the copartnership was converted into a corporation under the laws of Texas; the corporate name being the same as the firm or copartnership name. The members of the copartnership became and were the stockholders of the corporation, and all the assets of the copartnership were transferred to the corporation. After the incorporation was perfected, the gin stand and boiler purchased from the appellees were moved to Ellis county, and another gin stand and boiler substituted therefor; but the gristmill and a part of the machinery or attachments used in operating the gin was retained at Malakoff, and the gristmill operated as it had been theretofore, and the ginning of cotton also continued. About six months after the incorporation of the company, the appellees put up a gin in Malakoff and have operated the same since that time in the ginning of cotton. It thus appears, we think, that the dominant thought and purpose of the parties, in consummating the sale and purchase of the property in question with the stipulation in the bill of sale, for the alleged breach of which on the part of the appellees appellant relies for a recovery, was that

appellees should abstain from engaging in the operation of a cotton gin or gristmill in the Malakoff community during the time the purchasers of the gin or mill sold, or either of them, operated the same in that community, and that whether they operated as a copartnership or a corporation was of no concern to appellees. The appellees, it seems, had been engaged in ginning cotton and operating a gristmill in Malakoff for a long time, and their good will and the patronage of their numerous customers was very valuable in the business to which the members of the Malakoff Gin Company as a copartnership and as stockholders of said company as a corporation succeeded. This fact was, of course, well understood to both parties to the transaction, giving rise to this litigation, and it seems clear that it cannot be said, as a matter of law, that either of them contemplated or understood that a change in the method or capacity of conducting said business from a copartnership to a corporation would release the appellees from their obligation not to engage in a similar business for the term specified. Nor do we think it could be said, as a matter of law, that the taking of a new partner in the copartnership or the increase of the members of stockholders in the corporation would work such a release. On the contrary, if it cannot be said that it conclusively appears that it was the intent of the appellees to obligate themselves to abstain from engaging in the business of ginning cotton and operating a gristmill in the Malakoff community, so long as the purchasers of their gin and mill, or any of them, either as members of the Malakoff Gin Company, as a copartnership or as a corporation, continued to operate said gin or mill in Malakoff, then whether such was their purpose and intention was a question of fact for the jury.

It would be a strained construction of the contract to say, as a matter of law arising upon the facts developed, that, if the members of the Malakoff Gin Company converted their copartnership into a corporation, that fact would absolve the appellees from their obligation. It would seem more in consonance with the spirit of their contract, and with fairness to both parties, to say that, so long as the members of the original Malakoff Gin Company were interested in running the gin or mill sold to them by the appellees, it did not matter whether they run it as a copartnership or as a corporation. No case directly in point has been cited, and we have found none; but the principle involved seems to be illustrated in the case of Lottman Bros. Mfg. Co. v. Houston Waterworks Co., decided by the Court of Civil Appeals for the Fourth District, and reported in 38 S. W. 357. In that case the waterworks company had contracted with the manufacturing company, which was then a copartnership, to supply them for a specified time with water. After the execution of the contract and before its expiration, the manufacturing company incorporated the corporation succeeding to all the properties, interest, and rights of the firm. Thereupon the waterworks company claimed a release from the contract and refused to furnish the water in accordance with its terms. The court held that the incorporation of the manufacturing 'company's business by its members did not affect their rights under the contract. It follows that in our opinion the trial court was not justified in directing the jury to return a verdict in favor of the appellees on the grounds discussed, if such action of the court was predicated upon said grounds.

But appellees contend, by appropriate cross-assignments of error presented, that the contract, upon which appellant bases its right to recover, was, for the reasons set forth in their demurrers, violative of the anti-trust act of 1903, and the trial court's action should be upheld on that ground. In this contention we do not concur. We are of the opinion that said contract is not affected by that act of the Legislature. It was evidently the intention of the Legislature in the passage of the act of 1903, as well as in former enactments upon the subject, to prohibit the creation of trusts and the doing of the prohibitive acts specified in the act by them. Now, the first section of the act under consideration defines a trust to be "a combination of capital, skill, or acts by two or more persons, firms or corporations or associations of persons, or either two or more of them for either, any, or all of the purposes named in said act." It follows that within the meaning of the statute there must be a "combination of capital, skill, or acts by two or more," and it has been held by the Supreme Court of this state, in construing an identical definition of a trust as that quoted, that "combination," as so used, means union or association, and that, if there be no union or association by two or more of their "capital, skill, or acts," there can be no combination, and hence no trust. Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079. In the case cited, Hooper, being a merchant doing business as such in the town of Batesville, entered into an agreement with Gates, who was likewise a merchant doing business as such in said town, by which Hooper agreed and bound himself for a valuable consideration moving from Gates to retire from the mercantile business in said town of Batesville for the period of 12 months and agreed to use his efforts to secure for Gates the patronage and customers that he himself had enjoyed in the mercantile trade at said place. It was alleged that said Hooper in disregard of his agreement, within less than a year, resumed his mercantile business in Batesville to Gates' damage $1,500, for which he prayed judgment. A demurrer to Gates' petition on the ground that the contract set

out in said petition was void as a restraint of trade, and as preventing competition in the sale and purchase of merchandise, was sustained, and the cause dismissed. In reversing and remanding the case, the Supreme Court further said: "In the case stated in the petition there is no combination. The plaintiff bought defendant's goods together with the good will of his business, both of which were subjects of purchase and sale, and, in order to render the sale of the good will effectual, the seller agreed that he would not for one year thereafter do a like business in that town. This was but a kind of covenant or warranty that the purchaser should have the use and benefit of such good will during that year, for it is clear that, if the seller had immediately engaged in a like business at the same place, the purchaser would have had no benefit therefrom. By this transaction neither the capital, skill, nor acts of the parties were brought into any kind of union, association, or co-operative action. The purchaser became the owner of the things sold, and the seller was by the terms of the contract restrained from doing a thing which, if done, would have defeated in part the effectiveness of the sale. The agreement that the seller would exert himself to aid the purchaser in securing patronage but constituted the former the agent of the latter for that purpose, and in no wise contravened the statute. Welch v. Windmill Co., 89 Tex. 653 [36 S. W. 71]. Since the allegations do not show a 'combination,' we are of opinion that the transaction did not constitute a 'trust,' and that therefore the demurrer should have been overruled."

Appellees' cross-assignments in the case at bar complain only of the court's action in overruling his demurrers to appellant's petition, the substance of which demurrers is stated in the former part of this opinion. The petition alleged that, as an inducement to the purchase and sale of the property conveyed to the Malakoff Gin Company, the appellees also sold and conveyed to said company and their successors their good will in the ginning business in said town of Malakoff and community and entered into an obligation in writing whereby they agreed and bound themselves to the said Malakoff Gin Company and their successors and assigns that they would not either directly or indirectly engage in the business of ginning or milling, or be interested in any other gin or mill in said Malakoff community, so long as said purchasers might operate said gin or mill in said community. For the purposes of appellees' demurrers, these facts must be taken as true, and they present a case practically identical with the case of Gates v. Hooper, supra, and upon the authority of that case we hold that the allegations of the appellant's petition do not show a "combination," as contemplated by the statute, and

hence the transaction in question did not constitute a trust, and appellees' demurrers were properly overruled. It is true that the act of 1903 prohibits, as perhaps the former statutes did not do, the "combination" of the capital, skill, or acts of two or more persons, firms, or corporations, etc., to abstain from engaging in or continuing business partially or entirely within this state or any portion of it; but unless there is a combination formed, such as to constitute the transaction a trust, the statute is not contravened. It may be further said that the present case is distinguishable in the facts from the case of Comer v. Burton-Lingo Co. et al., 24 Tex. Civ. App. 251, 58 S. W. 969, decided by this court. In that case three firms engaged in the lumber business bought the stock of another firm of lumber dealers in trade, together with the good will of the business; the members of the firm selling agreeing, for a valuable consideration paid by the purchasing firm, not to go back into the lumber business or engage to work for any one in said business for a period of 10 years. In holding that this transaction was void under the anti-trust law then in force, the court said: "It is charged against appellees that they entered into a combination to buy, and did buy, the stock in trade and good will of Comer & Morton. Such combination required the union of the acts and of part of the capital of the appellees, and, if the purpose of the combination was to create or carry out restrictions in trade or in the free pursuit of business or to prevent competition, it was unlawful." The record does not disclose any such union of acts or capital in the case under consideration, and the case mentioned cannot be relied on as authority supporting the appellees' contention.

The judgment of the court below is reversed, and the cause remanded.