ROBINSON v. LEVERMANN et al.
(No. 7294.)

(Court of Civil Appeals of Texas. Dallas. March 20, 1915. On Motion for Rehearing, April 10, 1915.)

1. MONOPOLIES ⬥⬥12 — TRUSTS — AGREEMENT IN RESTRAINT OF TRADE.

A sale by a firm of its stock to two competitors, with agreement that the sellers will not engage in such business in such city so long as the buyers are there engaged therein, is "a combination of capital, skill or acts by two or more" to create, or tendng to create, restrictions in trade, denounced by Rev. St. 1911, art. 7796, as an illegal trust, so that the provision against re-engaging in business cannot be enforced.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 10; Dec. Dig. ⬥⬥12.]

On Motion for Rehearing.

2. INJUNCTION ⬥⬥260 — WRONGFUL INJUNCTION—DAMAGES—RECOVERY.

Defendant in an injunction suit, reconvening, and alleging wrongful and malicious procuring of issuance of the writ, and damages, is entitled to trial of the issue of damages; plaintiff not being entitled to injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 608; Dec. Dig. ⬥⬥260.]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by A. W. Levermann and others against E. C. Robinson. Judgment for plaintiffs, and defendant appeals. Reversed and rendered in part, and remanded in part.

McClellan & Prince, of Corsicana, for appellant. R. B. Molloy and Richard Mays, both of Corsicana, for appellees.

TALBOT, J. The appellant, E. C. Robinson, J. E. Robinson, J. D. Robinson, and J. B. Robinson, composing the firm of Robinson Paint Company, and the appellees, A. W. Levermann and Ashmore Bros., a firm composed of L. W. Ashmore and L. J. Ashmore, were engaged in the business of selling paints, wall paper, oils, varnishes, etc., and contracting for and painting and papering houses in the city of Corsicana, Tex. The business of the said Levermann and of the said two firms was wholly separate and independent of each other, and carried on in separate places of business; each owner being an active competitor of the other. In August, 1909, while so engaged in business, the appellees, acting together, bought out the Robinson Paint Company, including the good will of the firm; the transaction being evidenced by a written contract and bill of sale. The entire stock of goods belonging to the Robinson Paint Company was

not sold and transferred to the said Levermann and Ashmore Bros., but $800 worth of the same was excepted from the sale and set aside for appellant, E. C. Robinson, who received no part of the purchase money paid for the goods received by A. W. Levermann and Ashmore Bros.; the said goods set aside for him being accepted by him as his interest in the partnership assets. Upon receiving the goods set aside for him, the appellant, in accordance with the agreement entered into between the Robinson Paint Company and the said A. W. Levermann and Ashmore Bros., removed them out of the city of Corsicana to be disposed of elsewhere. In making the purchase of the goods delivered to A. W. Levermann and Ashmore Bros., it was agreed that the said Levermann should receive one half of the same and Ashmore Bros. the other half, and in accordance with such agreement the goods were so divided between them, and each paid for one-half of the goods so received. The goods received by A. W. Levermann were then removed to his store, and the goods received by Ashmore Bros. were taken to their store, and the Robinson Paint Company went out of business and gave up the storehouse occupied by them. In the contract and bill of sale evidencing the terms of the sale of the goods by the firm of Robinson Paint Company to Levermann and Ashmore Bros., said firm, and each individual composing the same, agreed not to engage again in the city of Corsicana in the same line of business in which they had formerly been engaged in, so long as appellees, A. W. Levermann and Ashmore Bros., or either of them, were engaged in such business in said city. On November 25, 1910, the appellees, A. W. Levermann and Ashmore Bros., brought this suit in the district court of Navarro county against the appellant, alleging, in substance, the facts above stated, and charged that appellant had returned to Corsicana, and, in disregard of the contract entered into for the sale of the goods to them, resumed the business of contracting for and painting houses; that he was soliciting and advertising for the same character of business that appellees were engaged in, and was preparing to establish in the city of Corsicana the business of selling paints, oils, etc., and of painting residences and other buildings, to the damage of appellees in the sum of $1,000. They prayed for a temporary injunction restraining appellant from engaging in said business, and that it be perpetuated upon final hearing. The appellant answered, setting up by demurrer and pleas three defenses, but, in the view we take of the case, it becomes necessary to state only one of them, namely:

"That the contract and bill of sale upon which this suit is founded was illegal and void, because violative of the statute of Texas against trust and conspiracies in trade."

The case was tried before a jury, and under peremptory instruction of the court a verdict in favor of appellees "for injunction"

175 S.W.—11

was returned, and judgment entered perpetuating the same. From this judgment appellant prosecutes this appeal.

[1] Appellant contends that the contract upon which appellees' alleged cause of action is predicated is contrary to public policy, illegal, and void, "because in contravention of article 7797 et seq. of the Revised Statutes of Texas, denouncing trust and conspiracies against trade." The question is raised by assignments of error complaining of the court's action in overruling his general demurrer to appellees' petition, in permitting appellees to introduce in evidence the contract sued on, in refusing to instruct the jury, as requested by appellant's special charge No. 1, that said contract was void, and not enforceable either in law or equity, and charging the jury peremptorily to find for plaintiffs "for injunction." Article 7796 of the Revised Statutes of this state defines a "trust" to be "a combination of capital, skill or acts by two or more persons, firms, corporations or associations of persons, or either two or more of them for either, any or all of the purposes" named therein; and in Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079 our Supreme Court, in construing such a definition of a "trust," held that the word "combination," as used therein, meant union or association, and that, if there be no union or association by two or more of their "capital, skill or acts," there can be no combination, and hence no trust. So, consistent with this holding of the Supreme Court, it is the settled law of our state that, if one merchant or person buys the goods of another with the agreement that the seller shall not, for a limited time and in a limited territory, engage in a like business as that in which the buyer is engaged, the agreement, if reasonable, is not such a one as is denounced by the anti-trust statute of this state, and unenforceable. If, however, the restraint placed upon trade by the contract be of such magnitude as to injuriously affect the interest of the public, the contract will be held to be contrary to public policy, although limited as to time and place. Anderson v. Rowland, 44 S. W. 911; Insurance Co. v. State, 86 Tex. 263, 24 S. W. 397, 22 L. R. A. 483; Gates v. Hooper, supra; Malakoff Gin. Co. v. Riddlesperger, 133 S. W. 519. Do the facts alleged and proved in the case at bar disclose such a combination of the "capital, skill or acts" of the appellees as brings the transaction in question and contract resulting therefrom under the condemnation of the statute? The whole case is before us upon the pleadings and facts, and the question arises, as above shown, by assignments of error complaining of the overruling of appellant's general demurrer to appellees' petition and the refusal of the trial court to give a special charge requested by appellant to the effect that the contract sued on was absolutely void, and hence to return a verdict in appellant's favor. In addition to a very full state-

ment of the terms of the contract in the petition, the contract itself was attached to and made a part thereof, and we are inclined to think the facts disclosed show the contract to be violative of our anti-trust law, and therefore that appellant's general demurrer should have been sustained. But, however this may be, it is clear, we think, that the trial court should have held, as a matter of law arising upon the pleadings and undisputed evidence, that the contract sought to be enforced was in contravention of the statute of the state prohibiting combinations in restraint of trade, and instructed a verdict for appellant as requested by him. Among other things, this statute denounces and prohibits the combination of the capital, skill, or acts of two or more persons having for its purpose restrictions in the free pursuit of any business authorized or permitted by the laws of this state, the prevention or lessening of competition in the sale of merchandise, or the inducement of another to "abstain from engaging in or continuing business partially or entirely within this state or any portion thereof." Such a combination being absolutely prohibited, its consummation would be unlawful, and, being unlawful, it would be immaterial as to whether it was reasonable or as to how it affected the public. The object of the statute is to prohibit any combination having for its purpose the doing of the things mentioned, and other things specified, "without regard to the intention of the parties, or the immediate effect of the combination on trade, and commerce, as the power arising from such combination was believed to be dangerous to public interest. Therefore the Legislature did not attempt to regulate such combinations, but prohibited them entirely." Comer v. Burton-Lingo Co., 24 Tex. Civ. App. 251, 58 S. W. 969; Crandall v. Scott, 161 S. W. 925. The view that the purpose of the statute was to denounce such a combination as illegal, without reference to the intent of the parties to prevent competition, etc., and without reference to the actual effect thereof, is sustained by the following authorities cited by appellant: Star Mill & E. Co. v. Ft. Worth Grain & E. Co., 146 S. W. 604; State v. Racine Sattley Co., 134 S. W. 400. Adhering to the foregoing interpretation and views of the statute, which we believe to be correct, and giving effect to the uncontroverted evidence in the record that should control our action, it must be held that we have in the case at bar the combination contemplated and prohibited. The contract made the basis of the suit and the testimony to which we have referred shows that the appellees, A. W. Levermann and Ashmore Bros., representing separate and distinct business concerns and competitors of the Robinson Paint Company, by a union of acts and of a part of their capital, bought the goods of the said Robinson Paint Company, and secured thereby an agreement that said company and each member thereof would abstain from engaging, in the city of Corsicana, in the business they had formerly conducted there, and in which appellees were then engaged, so long as appellees were engaged in such business in said city. The testimony of A. W. Levermann and L. W. Ashmore, the only member of the firm who testified on the subject, is to the same effect; and, while they stated that one of the members of the firm of the Robinson Paint Company initiated the negotiations that resulted in the sale of the goods and contract in question, and that it was not their "purpose, acting together, or in combination, to get rid of the Robinson Paint Company in order to restrict trade and competition," they further testified, in substance, that Robinson Paint Company were active competitors of theirs, and that after the negotiations started they got together and agreed to buy the stock, each to take one-half of the same, and each to contribute and pay one-half of the purchase price, and that the thus combined capital used in the purchase made amounted to over $1,300; that "one of the considerations of the trade was that they (Robinson Paint Company) would go out of business and stay out of business," and that appellees certainly would not have bought their stock if the Robinson Paint Company had not agreed to go out of business; that after the contract was executed the first thing they did was to set aside $800 worth of the stock for appellant, and the remainder of the goods was divided as invoiced and carried to the respective stores of appellees; and that each of them paid therefor on a basis of one-half each. There was further testimony to the effect that upon the execution of the contract in question, and in compliance with its terms, the storehouse of Robinson Paint Company was closed, and the goods set aside for appellant removed from the city of Corsicana, but that appellant had since returned to said city, and, in violation of the contract, was engaging or threatening to engage in the same line of business the Robinson Paint Company had formerly engaged in; that in so engaging in that business he was competing with appellees, and that, because of such violation of the contract and competition, appellees wanted to "stop him," and to that end filed this suit. In view of this testimony and all the facts and circumstances in evidence, we cannot see how the conclusion that appellees voluntarily became associates, and, as such, combined their capital and acts to eliminate the Robinson Paint Company as competitors, can be escaped. That they did not intend to violate the anti-trust law of the state, or that the agreement did not, in fact, materially lessen competition in their line of business, is, as we have seen, unimportant in determining the question. The statute is not subject to the construction that the intent of the parties to

prevent competition, or that the contract should actually have that effect, was a material element or factor in rendering a violation of its provisions unlawful. Its purpose was to condemn and declare as illegal any such contract, regardless of the intent of the parties or its actual effect.

It follows that, in our opinion, the contract sued on was illegal and void, and that the judgment of the district court should have been for appellant. It is therefore ordered that said judgment be reversed, and that judgment be here rendered in favor of appellant dissolving the injunction issued herein; that appellees take nothing by their suit, and pay all costs.

## On Motion for Rehearing.

Nothing new is presented in appellees' motion for a rehearing, and, believing the question discussed in our original opinion has been correctly decided, said motion will be overruled.

Appellees' motion for a modification of our findings of fact and for additional findings will also be overruled. Our findings and deductions drawn from the evidence are clearly authorized and supported by the record. The statement of appellees to the effect that certain language of the opinion handed down by this court indicates or may be construed as a holding that appellant was not a party to the contract involved in the suit is not justified, we think, by anything said in the opinion. That appellant was a party to, and actually signed, said contract is unquestionably true, and seems not to be denied by him.

[2] The motion of appellant to reform the judgment rendered by this court will be sustained. Appellant reconvened in the suit, alleging, in substance, that appellees wrongfully and maliciously procured the issuance of the writ of injunction herein, and prayed for damages, actual and exemplary, in the sum of $10,500. The trial court refused to submit any issue of damages to the jury, and appellant assigned as error on this appeal such refusal. We think appellant is entitled to have a trial on the question of damages alleged to have been suffered as a consequence of the suing out and service of the injunction in this cause, and the judgment heretofore rendered will be reformed, and the judgment of the district court reversed, and here rendered in favor of appellant dissolving the injunction issued herein; that appellees take nothing by their suit, and pay costs, and the cause will be remanded to the court below solely for the purpose of a trial on the question of damages alleged to have been suffered by appellant in his plea in reconvention.

Appellant's motions for rehearing and additional findings are overruled, and the judgment of the court below is reversed, and judgment here rendered in part, and the cause reversed and remanded in part.

Reversed and rendered in part, and reversed and remanded in part.