**WATSON et al. v. LINDSLEY.** (No. 2044.)

Court of Civil Appeals of Texas. El Paso. Jan. 12, 1928.

Rehearing Denied Feb. 2, 1928.

1. Wills ⬯439—Cardinal rule in construction of will is to ascertain testator's intention.

The cardinal rule in the construction of a will is to ascertain testator's intention.

2. Wills ⬯439—Testator's intention when reasonably ascertainable governs in construction of will.

Intention of testator governs in the construction of his will, and, where his design can reasonably be ascertained, it controls.

3. Wills ⬯476—Will and codicil are construed together as if executed at time of making codicil.

· A will and codicil should be construed together as if they had been executed at time of making of the codicil.

4. Wills ⬯440—Court is not empowered to make will or attempt to improve on will made.

In construing a will, court has no power to make a will for testator or attempt to improve on will which testator actually made.

5. Wills ⬯440—Court cannot begin construction of will by inferring testator's intention, and then construe will so as to give intention effect.

In construing a will, court cannot begin by inferring testator's intention, and then construe the will so as to give effect to such inferred intention, however probable it may be.

6. Wills ⬯184(1)—Clear and specific bequest is not revoked by codicil, unless intention to revoke appears expressly or by necessary implication.

A clear and specific bequest of a will is not revoked by a subsequent provision in a codicil, unless intention to revoke appears either by express provision or necessary implication.

7. Wills ⬯184(2)—Statement in codicil that Liberty bonds were part of estate held too vague to revoke express grant of bonds in original will.

Where testatrix, by will, gave named legatee all Liberty bonds which she might die possessed of, words in codicil, that "my Liberty loan bonds are part of my estate," though, taken with other bequests of codicil, which were different from those of will, might show change of intention as to disposition of property, held too vague and ambiguous to alter disposition of bonds as made in original will.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Mrs. M. E. Watson and others against Mrs. J. B. Lindsley. From a judgment for defendant, plaintiffs appeal. Affirmed.

Turney, Burges, Culwell, Holliday & Pollard, of El Paso, for appellants.

Armstrong & Morrow, of El Paso, for appellee.

PELPHREY, C. J. Mrs. M. E. Watson, a feme sole, Mrs. Percy Stilwell, joined pro forma by her husband, P. A. Stilwell, Mrs. F. C. Holmes, joined pro forma by her husband, F. C. Holmes, Walthall Morgan, Mrs Katherine Watson Avison, joined pro forma by her husband, J. B. Avison, Cornell S. Franklin, and Mary G. Morgan, brought this suit in the Forty-First district court of El Paso county, Tex., against Mrs. J. B. Lindsley, to have the will and codicil of Kate D. Franklin, deceased, construed as to the disposition of certain Liberty bonds and as to whether certain monthly payments provided for in the will and codicil were intended by the deceased to be a part of the cash legacy given by said will and codicil to Mrs. Lindsley, or were in addition thereto.

Mary G. Morgan is the independent executrix named by Mrs. Franklin in her will, and brings this suit in such capacity. The other plaintiffs were part of the residuary legatees named in the will.

Plaintiffs allege that, by the provisions of the codicil to the will of deceased, the Liberty bonds became a part of the residuary estate of deceased, and, as such, should be divided between them, and that the monthly payments made to appellee under the will and codicil were a part of the cash legacy of $32,-500 given to appellee by the terms of the will, and should be deducted therefrom.

Appellee answered, admitting the execution of the will and codicil thereto, but alleged that under the will and codicil, $11,850 worth of Liberty bonds were bequeathed to her, and prayed for the possession of the bonds and the interest coupons, or their value, with interest.

The parties entered into a stipulation as to the facts, material parts of which will be set out later in the opinion.

The case was tried before the court, who rendered judgment awarding the Liberty bonds to appellee, and found that the monthly allowances made to appellee were a part of the bequest of $32,500 made to her. From this judgment the plaintiffs have appealed to this court.

Opinion.

Upon motion of plaintiffs, the court made up and filed the following findings of fact and conclusions of law:

"Findings of Fact.

"The copies of the instruments attached to plaintiff's petition are the will and codicil thereto of Mrs. Kate Franklin, deceased. That said will and codicil have been duly probated in El Paso County.

---

"At the time of her death, among the assets of her estate was the $11,850 in Liberty bonds described in the judgment. In the will is the clear and express intention of Mrs. Franklin to give to her sister, Mrs. Lindsley, such Liberty bonds as were on hand at the time of the taking effect of the will. The codicil neither expressly nor impliedly revokes this legacy.

### "Conclusions of Law.

"The prime and sole object in the construction of a will and codicil is to arrive at the intention of the testator. The will and codicil are equally to be considered as an expression thereof, and must be considered in connection with each other in determining this intention. If the codicil expressly, or by necessary implication, revokes or modifies any provision of the will, the codicil, as the last expression of the testator, controls, but, in order for a codicil to revoke a gift clearly made in the will, the intention must appear in the codicil either by express provision or necessary implication that such is the intention.

"The expression used in the codicil dated May 28, ——, 'My Liberty bonds are part of my estate' neither expressly nor by necessary implication, revokes the clear and specific bequest of said bonds to Mrs. Lindsley by the will dated the —— day of ——, 1919.

"Under the will and codicil the $100 per month stipulated therein to be paid to Mrs. Lindsley is a credit against the monetary legacy made to her in the will."

Appellants attack the judgment of the court as well as its conclusion of law relative to the Liberty bonds, and contend that, under the terms of the codicil, it was the intention of the testator, by her codicil, to bequeath and devise her Liberty bonds to her estate, to be distributed under the residuary clause of her will.

The parts of the will pertinent to the inquiry before us are:

"Item 1. I give and bequeath to my sister, Mrs. J. B. Lindsley, of Little Rock, Arkansas, provided she is living at the date of my death, the house and grounds used or held in connection therewith, which house is numbered 1304 State street, Little Rock, Arkansas, where she resides; and also all my rugs and personal effects, china and silverware; and also the savings stamps issued by the United States; and also all the bonds issued by the United States of the second, third and fourth issues, generally known as Liberty Bonds, of which I may die possessed or entitled to; but in event she should not be living at the time of my death I give and bequeath the said house and grounds to her granddaughter, Berrien Lindsley Henderson, and the balance of the property mentioned in this item I give and bequeath as provided in Item number 2 hereof.

"Item 2. In event my sister Mrs. J. B. Lindsley, of Little Rock, Arkansas, should not be living at the time of my death, then I give my rugs and personal effects, china and silverware, to my niece, Mary G. Morgan, in her own right, and I give and bequeath to her, as trustee under the terms of the trust herein created, all said savings stamps and government bonds, in addition to the other property mentioned in Item 3 hereof.

"Item 3. All my estate, except that so specifically devised in item 1 and 2 hereof, including all personal property and realty, wherever situated, and all debts and accounts owing to me, and choses in action of every kind and character, and any and all sums and amounts which may fall due after my death, I devise, give and bequeath to my niece, Mary G. Morgan, of El Paso, Texas; as trustee, however, and in trust, with the instruction and direction that she shall recover, possess, collect, receive and hold the same, and the whole thereof, for the purpose of converting the same, and the whole thereof, into cash, as soon as there is a reasonable opportunity so to do, and in the manner she may deem most advisable, in order that the reasonable value thereof may be realized, hereby authorizing her to sell and dispose of, transfer and convey the same, or any part thereof, either for cash or on credit (when in her judgment reasonably secured) and to compromise, adjust, release and relinquish any and all claims and accounts which are now or which may after my death fall due, and use said sums of money for the following purposes, viz.:

"(e) After payment of the item and legacy or legacies above provided, and all other sums of money realized by my said trustee, shall be and constitute a common fund and shall be paid out and distributed by my said trustee, equally between such of the following named persons who may be living at the time of the distribution thereof, but if any of the same be then dead, the proportion which such deceased person would otherwise have, shall be paid to the surviving child or children of their body, if any, such as are then living, and if not, shall be equally distributed to the beneficiaries in this item specifically named who are at such time entitled to take under this item, except, however, that in case of the death of Walthall Morgan before the distribution to him of any share coming to him hereunder, leaving no child or children, then his share shall be paid to his wife, if then living, but otherwise shall go as above directed:

"Mrs. Lucy Franklin Lowrey, of Columbus, Mississippi.

"Mrs. Percy Stilwell, of Gulfport, Mississippi.

"Mrs. F. C. Holmes, of Hernando, Mississippi.

"Mrs. M. E. Watson, of Eugene, Oregon.

"Miss Katherine Watson, of Eugene, Oregon,

"Walthall Morgan, of Fullerton, California.

"Cornell S. Franklin, of Honolulu, Hawaii.

"James Bright Sumnes, of Granada, Mississippi."

The above will was executed on the 11th day of July, 1919.

A codicil executed on May 28, 1925, reads as follows:

"My light colored oriental rug, I will to my great niece and namesake, Catherine Watson Avison, in place of the diamond ring I lost, which was to have been hers. My large diamond ring I will to Jack Franklin Morgan, my son's namesake. It was bought by him I think his namesake should have it, and all the pictures of him, except any Mary Morgan wishes to have, which she must will to him. My diamond pin to Catherine Franklin Avison, my watch to Mary Catherine Morgan, my amethyst

necklace to my sister, Mrs. J. B. Lindsley, to go to Berrien Martin at her death. My other jewelry give to Mrs. M. E. Watson, Mrs. F. C. Holmes, Mary G. Morgan, Mrs. P. A. Stilwell, ($500) five hundred dollars each to Elizabeth Holmes Bowdre, Frances Holmes, Clarke Holmes, Mrs. Joe Martin, my Liberty loan bonds are part of my estate, my dark oriental rug, two of my best Navajo rugs to go to my sister, Mrs. J. B. Lindsley, also all of my china, cut glass, silver, vases, my writing desk, living room table, davenport, two upholstered chairs, bust of Byron, china clock to be sent to my sister at expense of estate ($100) one hundred dollars to be given my sister until she gets her part of the estate. All of my wedding apparel goes to my sister. Other furniture and rugs to Mary Morgan."

[1, 2] "The cardinal rule in the construction of wills is to ascertain testator's intention." 28 R. C. L. par. 173. Bell County v. Alexander, 22 Tex. 351, 73 Am. Dec. 268; Hagood v. Hagood (Tex. Civ. App.) 186 S. W. 220 (error refused); Id. (Tex. Civ. App.) 187 S. W. 228 (error refused); Norton v. Smith (Tex. Civ. App.) 227 S. W. 542 (dismissed for want of jurisdiction). And the intention of the testator governs in the construction of his will, and, where a testator's design can reasonably be ascertained, it controls. Autry v. Stubenrauch (Tex. Civ. App.) 133 S. W. 521 (error refused).

[3] As said in 28 Ruling Case Law, par. 165, "Very few classes of questions are more frequent or more perplexing in the courts than the construction of wills," and, as we have studied the facts of the case before us, there has been much doubt in our minds as to what the true intent of the testatrix was when she wrote the codicil in question. It is well settled that a will and a codicil should be construed together as if they had been executed at the time of the making of the codicil. 28 R. C. L. par. 157.

That testatrix changed her mind as to the disposition of a part at least of her property is made certain by the recitals of the codicil, but just what disposition of the Liberty loan bonds she had in mind when she wrote, "my Liberty loan bonds are part of my estate," is a question which no court can answer with any degree of certainty.

[4, 5] Bearing in mind, however, the well-settled rule of law that, in construing a will, the court has no power to make a will for the testator, or to attempt to improve upon the will which testator actually made, and that the court cannot begin by inferring testator's intention, and then construe the will so as to give effect to this intention, however probable it may be, we must in this case ascertain, if we can, testatrix's intention from the words she used, together with such extrinsic evidence as may be available.

Appellants contend that the notations on the envelope support their theory of the case.

With this we cannot agree. From the stipulation it appears that both notations were made after the execution of the codicil, and we fail to see how a consideration of them can be construed to in any way support appellant's contention that the recital in the codicil revokes the will. We freely admit that there is considerable doubt in our minds as to just what testatrix intended by the recital as to the Liberty loan bonds, and we confess our inability to decide positively that question. It being impossible to say just what the intention of the testatrix was, then we must resort to the rules of construction that have been laid down by the courts to guide us in such perplexing situations.

[6] It appears to be well settled, as concluded by the learned trial court, that a clear and specific bequest made in a will is not revoked by a subsequent provision in a codicil, unless the intention to revoke appears either by express provision or necessary implication. Underhill on Wills, p. 251; note to Re Sigel, 1 L. R. A. (N. S.) 398; Bedford v. Bedford, 99 Ky. 273, 35 S. W. 926; Gardner on Wills, pp. 269, 270.

[7] It may be said, and with some reason, that the expression as to the Liberty loan bonds, taken with other bequests which were different from those theretofore made in the will, shows a change of intention as to the disposition of her property; but, in conformity with the rule above announced, we must conclude that such intention, if any there was, to alter the disposition of the Liberty loan bonds, is too vague and ambiguous to revoke the express grant of said bonds made to Mrs. Lindsley in the original will.

This being the only question before us for determination, we conclude the judgment of the trial court presents no error, and said judgment is therefore affirmed.

Affirmed.