### CITY OF MISSION v. RICHARDS.
#### (No. 7379.)

(Court of Civil Appeals of Texas. San Antonio. June 10, 1925. Rehearing Denied June 24, 1925.)

**1. Municipal corporations ⬡254 — Finding rental for city hall was reasonable not error.**

Where contract of city for city hall provided for two years' lease, finding that agreed rental for entire period was reasonable *held* not error.

**2. Municipal corporations ⬡722 — City could sublet parts of city hall for private business purposes.**

Where city hall was larger than necessary, city could sublet parts to other tenants for private business purposes, which in no way interfered with orderly free and independent use in administration of its affairs.

**3. Municipal corporations ⬡231(1) — That city, in renting hall, disposed of one of mayor's competitors, held not to invalidate contract.**

Where new city hall was needed, fact that desirable place rented, had been used as movie house, and in renting it mayor disposed of all competitors but one, *held* not to invalidate contract, in absence of any showing that city paid anything with reference to moving picture business.

**4. Municipal corporations ⬡221 — Lease of building for city hall larger than necessary held not ultra vires.**

Where new city hall was needed, lease of building for that purpose and for storing fire equipment *held* not ultra vires, though larger than necessary, and though excess space was sublet for private business purposes.

**5. Municipal corporations ⬡722—Sublease by city of portion of city hall presumed good bargain.**

Where new city hall was needed, and desirable building was larger than necessary, sublease for private business of excess space in new building will be presumed a good contract.

**6. Monopolies ⬡12(2)—Lease by city of building, part of which was sublet for private purposes, held not violative of anti-trust law; "trust"; "combination."**

Where new city hall was needed, lease by city of theater building larger than necessary for purpose, excess part of which was sublet for private business purposes, *held* not violative of anti-trust law of state; there being no "trust" or "combination," union or association, of capital, skill, or acts by two or more.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Combination—Combine; Trust.]

**7. Municipal corporations ⬡868(1)—Rent of city hall is ordinary current expense.**

Rental for building for city hall and to store fire equipment is ordinary current expense, not within the inhibition of Const. art. 11, §§ 5, 7.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Action by E. G. Richards against the City of Mission. Judgment for plaintiff, and defendant appeals. Affirmed.

Miss Zac Drummond and Dawson, Henry & Walker, all of Mission, for appellant.

McDaniel & Bounds, of McAllen, for appellee.

COBBS, J. Appellee sued appellant, in the district court of Hidalgo county, to recover the balance due on a rental contract. The cause of action was based upon an alleged rental contract claimed to have been entered into by and between appellee, Richards, and appellant, city of Mission, acting through its mayor, H. F. Bishop, on or about the 2d day of July, A. D. 1921, and to begin on the 18th day of July, A. D. 1921, and to continue in force up to and including July 17, A. D. 1923, for a certain building then owned by appellee, Richards, and used by him as a moving picture theater, and located on lot No. 6 and the east 5 feet of lot No. 5, all in block 159, as per map of the city of Mission. Said alleged rental contract further stipulated that, as consideration for the rental of said building, the city of Mission should pay to the appellee, Richards, the sum of $2,400, payable in 24 monthly installments of $100 each, on the 18th day of each month, from July, A. D. 1921, to July, A. D. 1923.

Appellee, Richards, admitted that all monthly installments provided in said alleged rental contract had been paid up to and including the installment due and payable on the 18th day of April, A. D. 1922, but alleged that on the 18th day of May, A. D. 1922, appellant, city of Mission, breached said alleged rental contract by refusing to pay the remaining monthly installments, aggregating the sum of $1,400, and appellee in this suit sought to recover of appellant this sum.

Appellant, city of Mission, answered by general demurrer, special exceptions, and general denial, and especially answered that said alleged rental contract was void by reason of being onerous, burdensome, unreasonable, and unilateral; was an attempt on the part of the city of Mission to lend its credit to private individuals for private purposes, and in behalf of private enterprise; that it was an attempt on the part of the city of Mis-

sion to appropriate from the funds of said city and expend said funds in the interest of private persons and on behalf of private enterprise; that it is in conflict with the antitrust laws of this state, in that it is a contract in restraint of trade; and that said alleged rental contract is ultra vires, in that the city of Mission, by and under its charter powers, had no authority to expend the moneys from the treasury of the city for the purpose of owning or the renting of a moving picture theater or show, or other place of amusement, as provided by the terms of said alleged rental contract.

The cause was tried before the court without the aid of a jury, and on the 10th day of November, A. D. 1924, judgment was rendered by the court in favor of appellee, Richards, and against the appellant, city of Mission, for the sum of $1,268.34, with interest at the rate of 6 per cent. thereon from date of judgment until paid, and for all costs of suit.

At the request of appellant the court made and filed the following findings of fact and conclusions of law:

"I find as a fact:

"(1) That on the 2d day of July, A. D. 1921, E. G. Richards, plaintiff in this cause, and the city of Mission, a municipal corporation, defendant, entered into a valid rental contract for the rental of all of lot 6 and the east 5 feet of lot No. 5 in block No. 159, city of Mission, Hidalgo county, Tex., excepting two certain dressing rooms reserved by E. G. Richards for storage, and the building thereon. That said rental contract was for the lease of said premises by the said E. G. Richards to the city of Mission for a period of time from July 18, 1921, to July 17, 1923. That by the terms of said contract the city of Mission agreed to pay the said E. G. Richards, as rental for said premises, $2,400 in 24 monthly installments of $100 each.

"(2) That said premises were suitable for and were rented by the city of Mission for the purpose of a city hall and the storage of its fire equipment, and that same were used by the said city of Mission for said purposes until the same were abandoned by it.

"(3) That the city of Mission abandoned the said premises on May 18, 1922, having paid 10 monthly installments of the rental therefor up to said time, and thereafter failed to pay any further installments upon said premises, and that it failed to pay 14 of said installments, amounting to $1,400.

"(4) That the city of Mission notified the said E. G. Richards that it would not use said premises further, and by reasonable diligence the said E. G. Richards afterwards received $251.05 as rental upon said premises.

"(5) That $2,400 for said period was a reasonable rental for said premises.

"(6) That said city of Mission did not rent said premises for moving picture show purposes, but that it did rent same for a city hall and to store its fire equipment.

"(7) That the consideration for said contract between the city of Mission and the plaintiff, E. G. Richards, was not that the said E. G. Rich-

ards would not enter the moving picture show business.

"Conclusions of Law.

"The plaintiff, E. G. Richards, ought to recover of the defendant, city of Mission, $1,400, as same matured in monthly installments on June 18, 1922, and each month thereafter up to July 18, 1923, together with interest on each installment from maturity thereof to the date of judgment at the rate of 6 per cent. per annum, and that there should be deducted and credited thereon the sum of $251.05, together with interest thereon from May 18, 1922, to date of judgment at the rate of 6 per cent. per annum; that the said city of Mission had full power to make said contract, and that same was for a valuable consideration and valid in every particular."

There was no further request made or bill of exceptions filed attacking same. It will be presumed that appellant is satisfied with the truth of the findings made.

[1] The contract having provided for a 2 years' lease, with the payment of $100 per month by the city, it was not error for the court to hold under the evidence that the $2,400, provided for in the written contract for the entire period, was a reasonable rent. We overrule the proposition.

[2] If the city had the right to lease the property for its city hall, municipal and other governmental purposes, the benefits to arise therefrom were a matter for its determination. It was proper for the city, if it saw proper and in its interest, to sublet parts to other tenants for private business purposes which in no way interfered with the orderly and free and independent use thereof in the administration of its affairs, and no one can be heard to complain. The finding of the court, that the city of Mission rented said property for a city hall and to store its fire equipment and other things in a part thereof, and not to engage in the moving picture show business, will not be disturbed because it is justified by the evidence.

[3] It would not affect the question in the least that the property had been theretofore used for exhibiting moving pictures, because the effect was to stop one movie show and permit another to go ahead with its shows without any competition. If, as claimed, the mayor would not have rented the property for municipal purposes at all, had it not been his purpose to cut down competition in the movie business by getting rid of all but one competitor for the time being, still that would not of itself render the contract illegal. This is a simple rental contract for the city's necessary use of property for governmental purposes, and the city, just like any person, could sublet the property for a revenue, with the consent of the lessor, for lawful purposes. Suppose it was the purpose of the city in renting the property, to put one movie show out of business, it would not follow that a trust was created thereby.

While there are several parties and several

matters contained in the one contract with appellee and Smith, it in no way affected appellant's rights based upon separate consideration from that of the city of Mission and Richards, the contract between Richards and Smith related to certain matters pertaining to the moving picture show business; while the part relating to the city of Mission and Richards was merely in respect to a contract for the rental of a building to the city of Mission.

It was understood at the time the lease was made that the city of Mission intended to lease a part of the building to Nick D. Polemanakos, and that Nick D. Polemanakos would pay to the city of Mission the sum of $50 per month. The testimony of Mr. Bishop, former mayor, was that they did enter into a contract with Mr. Polemanakos. He was shown a contract or some paper by the attorney for the city of Mission, and he recognized it as the contract that the city of Mission entered into with Polemanakos on the same day. Mr. Bishop also testified that he did not, and it was not their intention, to spend any of the city's money for the benefit of some private enterprise or for the benefit of Polemanakos or H. E. Smith. Bishop also testified that this property was rented for the purpose of having a city hall and fire house for the city of Mission.

[4, 5] It is not ultra vires for the city of Mission to rent a city hall and place to store its fire equipment; it is not ultra vires for the city of Mission, for the purpose of securing such hall, to rent a building, although said building might be larger than was necessary for said purpose; and it is not ultra vires for said city of Mission to sublet a part of same; and it is not ultra vires for the city of Mission to have in contemplation at the time of such lease that it would sublet a part of same, for the reason that all those things were done for the legitimate and proper purpose of enabling the city to secure a proper and desirable city hall and place to store its fire equipment. The city is not shown to have paid anything with reference to the moving picture show business. It did not lease any moving picture equipment. That was all excepted from the lease. It did not operate a moving picture show nor contemplate doing so.

The city of Mission had a very undesirable place in a tin shop for its city hall and needed a better place. H. E. Smith and others seem to have, according to the contract, gone out and suggested to the city of Mission that it could get this building for a city hall and a place to store its fire equipment, and it seems that the said Smith must have made some agreement with the city of Mission, not with the appellee (and it is not shown that the appellee was connected therewith), that, if the city of Mission would rent this building, a contract would be entered into whereby Polemanakos or H. E. Smith would pay the city of Mission $50 per month, and such contract was entered into, that all being done. The city of Mission was already paying $35 per month for city hall and fire equipment, and had a very undesirable place. By the increase of $15 per month they got a desirable place, and this court must presume that they made a good contract with their subtenant, who was to pay them $50 per month, according to the testimony.

[6] Such an agreement violates no anti-trust law of this state. Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079:

"In order to constitute a trust, within the meaning of the statute, there must be a 'combination of capital, skill or acts by two or more.' 'Combination,' as here used, means union or association. If there be no union or association by two or more of their 'capital, skill or acts,' there can be no 'combination,' and hence no 'trust.' When we consider the purposes for which the 'combination' must be formed, to come within the statute, the essential meaning of the word 'combination,' and the fact that a punishment is prescribed for each day that the trust continues in existence, we are led to the conclusion that the union or association of 'capital, skill or acts' denounced is where the parties in the particular case designed the united co-operation of such agencies, which might have been otherwise independent and competing, for the accomplishment of one or more of such purposes."

See Dannel v. Sherman Transfer Co. (Tex. Civ. App.) 211 S. W. 297.

[7] The obligation of the city to pay rental is not within the inhibition of article 11, §§ 5 and 7, of the Constitution of Texas, because it is an ordinary current expense. Dallas Electric Co. v. City of Dallas et al., 23 Tex. Civ. App. 323, 58 S. W. 153; City of Tyler v. Jester & Co., 97 Tex. 344, 78 S. W. 1058.

We cannot agree with counsel for appellant that the city was acting beyond the scope of its authority or that it comes within the rule of ultra vires. Nor do we see any element therein that makes it violate the anti-trust laws.

Seeing no reversible error assigned, the judgment is affirmed.