

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711



This Opinion
Overrules Opinion
• V-1162

December 22, 1970

Hon. Gerald W. Schmidt
County Attorney
Gillespie County Courthouse
Fredericksburg, Texas 78624

Dear Mr. Schmidt:

Opinion No. M-758

Re: Authority of commissioners
court to lease land for
different purpose than
that for which land was
acquired.

     Your recent request for an opinion of this office
concerning the above captioned matter reads, in part, as follows:

     "The Commissioners Court of Gillespie County
purchased approximately 356 acres of land in Gil-
lespie County in 1946 from various individuals for
the construction and operation of an airport. Prior
to the purchase, a bond issue was passed authorizing
the purchase of such land. The land was conveyed to
Gillespie County by general warranty deeds without
any restrictions.

     "The airport was constructed and since such
time has been in operation and use as a public
airport, maintained by Gillespie County. As in
most cases of public airports, the entire tract
purchased is not necessary for the operation of the
airport. Now Gillespie County Fair Association de-
sires to lease a portion of the land originally
purchased for an airport for the purposes of erect-
ing exhibition halls, grandstands, baseball diamonds,
a race track for horses and any other building or
improvement necessary for the purpose of conducting a
county fair. The Association will finance the cost
of construction of these improvements and any other
necessary improvements. The Association desires a
long term lease, perhaps a 99 year lease. Admission
charges will be collected by the Association to de-
fray the expenses of the entertainment conducted by
the fair association.

     "The question I am submitting for an attorney
general's opinion is as follows: Can the Commissioners

Court of Gillespie County legally lease a portion of the land acquired by Gillespie County for an airport, to the Gillespie County Fair Association for the purpose of erecting any and all improvements necessary for the conducting of a county fair and for the actual conducting of such fair?"

Our answer is "yes", under the facts related, Gillespie County may lease a portion of the 356 acres to the Gillespie County Fair Association.

The powers of the commissioners court to lease airport property are contained both in Article 2351, Vernon's Civil Statutes, and 1269h, Section 1.

Article 2351 reads, in part, as follows:

"18(a) The Commissioners Court of each county of this State, in addition to the powers already conferred on it by law, is empowered in all cases where said county has heretofore acquired, or may hereafter acquire, land for an airport . . . to lease said land and/or the facilities thereof, or any part thereof to any person or corporation upon such terms as the commissioners court shall deem advisable for airport purposes, or other purposes, provided any such lease is not inhibited by the terms of the grant to such county. Said counties through such commissioners courts are also hereby expressly authorized and empowered to contract with reference to oil, gas or other minerals or natural resources . . ." (Emphasis added.)

It can readily be seen that the legislature has set out three categories of authorized leases in Article 2351: (1) for airport purposes, (2) for development of natural resources and (3) other purposes. Such are in addition to all other powers previously conferred upon the court.

Article 1269h, Section 1 D and E, Vernon's Civil Statutes, as amended by the Acts of the 50th Legislature, 1947, also provides authority for the commissioners court to lease airport property; however, that grant of authority to lease is more limited in nature. Section D thereof authorizes that such property may be leased for airport purposes. Section E provides specific authority to lease to the Federal Government, State Government or any person, firm or corporation. The general tenor of

Section D leads to the conclusion that the legislature intended to authorize use of land, under this section, for airport purposes, and such Sections D and E are not extended to additional usage.  See Attorney General's Opinions O-5230 (1943) and V-1162 (1951).  The latter opinion, however, insofar as it does not consider Article 2351 and deals alone with Article 1269h as if it were the only authority to lease airport land must be hereby overruled.

The right of the county to take, enjoy and have full use of property is contained in Article 1576, Vernon's Civil Statutes, which reads as follows:

> "All deeds, grants and conveyances heretofore or hereafter made and duly acknowledged, or proven, and recorded as other deeds of conveyance, to any county, or to the courts or commissioners of any county, or any other person or persons, by whatever form of conveyance, for the use and benefit of any county, shall be good and valid to vest in such county in fee simple or otherwise all such right, title, interest and estate as the grantor in any such instrument had at the time of the execution thereof in the lands conveyed and was intended thereby to be conveyed."

Our Supreme Court considered this Article, which at the time was Article 680, in the case of SCalf v. Collin County, 80 Tex. 514 (S.Ct. 1891).  Therein the court stated:

> "Articles 680 . . . of the Revised Statutes contain an express recognition of the right of counties to take title to and enjoy real estate without any limitation being expressed as to the purposes for which it shall be used."
> Bell County v. Alexander, 22 Tex. 350 (1858) is cited in support thereof.

We note that the conveyance of the subject property was to the county without limitation.

The general rule is stated in 63 A.L.R. 615 as follows:

> "It is generally held that a municipal corporation has the right to rent municipal property to private persons where such a right is conferred,

either expressly or by necessary implication, by
the charter of the municipality or by statutory
enactment."

The concept of leasing public property by the commis-
sioners court is not repugnant to our courts.

The use of public property for public good was recog-
nized in the early case, Bell County v. Alexander, 22 Tex. 351
(1858), supra, wherein at page 359 the court stated:

"There is as little doubt of the capacity of
the county to take an estate in lands, by grant
or devise.  The statute declares that 'each county
which now exists, or which may be hereafter estab-
lished in this state, shall be a body corporate and
politic.'  They may sue and be sued, plead and im-
plead.  They may take and hold, and dispose of,
private property for municipal purposes or such
uses and purposes as subserve the public good, . . ."
(Emphasis added.)

In 133 A.L.R. 1245 it is stated:

"If the use of property by the public is not
interfered with by a lease of a portion thereof,
or by a lease for a limited time only, it has
been held that such a leasing is within general
municipal powers."     .

"Public good" or "public use" are terms that need to be
redefined with each new circumstance or set of facts.  It would
appear that, in the subject instance, it is in the public good
to use a portion of the purchased property as an airport.  It
would likewise appear to be contrary to public good to allow
the unused portion of this tract to lie fallow.  Public use
and public purpose were discussed in Ex parte Conger Ex parte
Buford, 357 S.W.2d 740 (Tex.Sup. 1962) at page 741 where the
court stated:

"No all-inclusive judicial definition of that
term has been attempted by the courts, but each
case is to be determined by its own peculiar cir-
cumstances.  Davis v. City of Lubbock, 160 Tex. 38,
326 S.W.2d 699.  While there are two views as to
what constitutes 'a public use', one being more
restrictive than the other, nevertheless where there

> exists the direct use or right of use of the utility
> on the part of the public or even some limited por-
> tion of the public, all agree it is a public use.
> 73 C.J.S. Public p. 280."

Our courts have approved the sublease by a city of
the excess space in a city office, even where such sublease
was within the intent of the city prior to its lease of the
entire building.  City of Mission v. Richards, 274 S.W. 269
(Tex.Civ.App. 1925, writ dism.)

Any prohibition against the use of the "excess" property
involved, as being opposed to the dedication of the property to
a public use, should be dispelled by the courts definition of
"airport" in Moore v. Gordon, 122 S.W.2d 239 (Tex.Civ.App. 1938,
writ dism.), which states:

> "An airport, within the meaning of the law,
> includes all lands, buildings, structures or other
> improvements necessary or convenient in the estab-
> lishment and operation of an airport."  (Emphasis
> added.)

In the Moore case the court held that the entire tract,
because of extensive airport improvements, was dedicated to the
public.  We distinguish the Moore case, on the public dedication
point, from the Gillespie County situation because of your
statement that the entire 356 acres is not necessary for the
operation of the airport.

It is assumed from the facts stated in your letter
that the proposed lease for fair purposes would not interfere
with the primary use of the property as an airport.  Such use
of county property was considered by the court in the case of
Dodson v. Marshall, 118 S.W.2d 621 (Tex.Civ.App. 1938, writ dism.),
wherein the court approved of a month to month rental of a space
in the county courthouse for the operation of a cigar and drink
stand.  The court posed the following question.

> "Has there in fact been such a diversion of
> a material part of the premises as to interfere
> with the use of the property as a whole for the
> purposes for which it is intended?"

The court held that it was not.

We believe that Article 2351, Vernon's Civil Statutes,
in its expression of authority of commissioners courts to lease

airport property for ". . . other purposes . . .", is sufficient
in light of the above case law to allow the proposed lease at
least to the extent of the property not necessary for reasonable
airport operation.

A copy of the proposed lease between the county and
the Fair Association was not furnished this office. We there-
fore make no comment as to its specific validity other than to
mention that a lease term of the property for 99 years, as set
out in your letter, might violate Article I, Section 26 of the
Texas Constitution concerning perpetuities and monopolies.

### S U M M A R Y

A commissioners court has authority under
Article 2351, V.C.S., to lease airport property
to a fair association, so long as lessee's use
does not interfere with the reasonable use and
operation as an airport. Attorney General's
Opinion No. V-1162 (1951) is overruled to the
extent of any conflict with this opinion.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sam Jones
Jerry Roberts
Ray McGregor
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant